### JONES *vs.* TIFT.

[WARNER, Chief Justice, being engaged as presiding officer of the senate in an impeachment trial, did not sit in this case.]

Where some of the facts proven by the plaintiff show negligence and indifference on the part of the proprietor of a toll-bridge, engaged in repairing the same, to the safety of a passenger crossing the bridge on foot, by direction of the toll-keeper to whom he had paid fare in the morning to recross in his buggy in the evening, and other facts tend in some degree to rebut the conclusion that there was such negligence, it is for the jury, and not for the court, to settle the doubt arising from such conflict; and a non-suit should not be awarded.

Non-suit. Negligence. Before Judge CRISP, Dougherty Superior Court. April Term, 1879.

Jones sued Tift for damages caused him in crossing a toll-bridge kept by defendant by reason of its *want of* repair and the negligence of defendant in connection therewith. On the trial plaintiff proved the facts set out in the opinion. The court granted a non-suit, and plaintiff excepted.

H. MORGAN; L. P. D. WARREN; C. B. WOOTEN, for plaintiff in error.

D. H. Pope; S. Hall, for defendant.

Jackson, Justice.

The sole question is was the *non-suit* properly awarded by the court? We think not. There was evidence enough for the jury to pass upon and it was their peculiar province to do so.

It was in evidence that plaintiff paid toll to pass over the bridge in a buggy and return; that he could not return in the buggy because the proprietor of the bridge was repairing it; that he was told to come back in two hours and cross, that he did so, but the repairs were not completed; that he was then told to put up his horse and buggy, return and cross on foot; that his daughter and grand-child had already crossed on foot, the bridge or toll-keeper having put them across and they were waiting for him on the other side; that all this was said to plaintiff by the toll-keeper; that the proprietor was himself engaged in repairing the bridge; that he was requested by plaintiff to put down more plank and make the track for passage on foot wider and safer; that he paid no attention to the request; that when plaintiff crossed on foot the single plank a conversation ensued between him and the proprietor touching proprietor's conduct in not putting down more plank; that the place where plaintiff stood during this altercation was unsafe; that there was a chasm near him invisible to him and unseen by him; that the proprietor gave him no warning of it; that in passing from it he fell through the unseen hole and was badly crippled. There was some evidence that plaintiff was drinking and that the hole or chasm could have been seen by him; but this was for the jury. He means that he did not see the hole, and the jury ought to have passed upon his case.

The testimony now in strengthens, it seems, the case as made in the 52 *Ga.*, 538, where this court granted a new trial to the defendant, a verdict of $7,500.00 having been

rendered for plaintiff. That decision does not authorize this non-suit. When all the facts on both sides are in and the jury shall have passed upon them, the case may be stronger than it was when reviewed here before, or it may not be. What we rule now is, that the plaintiff made a *prima facie* case which entitled him to be heard before a jury.

The principle ruled in *Hankerson vs. The Southwestern Railroad Company*, 59 *Ga.*, 593, controls this case. That principle is this : " Where the law presumes negligence from some of the facts proved, and where there is scope for legitimate reasoning by the jury as to whether the presumption is, or is not, rebutted by other facts in the plaintiff's evidence, a non-suit should not be awarded." Some of the facts in the case at bar show carelessness, negligence, indifference to results on the part of the proprietor ; other facts detailed in the evidence, all introduced by plaintiff of course, cast doubt upon them ; whether the one set of facts is overcome by the other and what the real truth of the case is in the conflict, is peculiarly for the jury, especially where negligence or insufficient care is the issue. See also Code, section 690.

Judgment reversed.