13680. CASTLEBERRY *v.* FOX *et al.*

BROYLES, C. J. Under the facts of the case the court did not err in awarding a nonsuit.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JULY 25, 1922.

Action for damages; from Fulton superior court — Judge George L. Bell. April 25, 1922.

The action was for injury from a fall caused by slipping on a banana peeling when descending a stairway of a hotel. The petition alleged that the defendants, who owned and operated the

hotel, were negligent in allowing the banana peeling to be on the stairway, in not warning the plaintiff of its presence there, in failing to have over the stairway a light sufficient to disclose objects lying thereon, and in permitting the plaintiff to go down the stairway. The answer denied the plaintiff's allegations, except as to proprietorship of the hotel. From the plaintiff's evidence it appeared that the only entrance to the hotel was by a stairway of about 22 steps, which the plaintiff ascended between 7:30 and 8 o'clock in the morning, about the first of February. He testified: " I have stopped there before; I have been stopping there for a long time. I went there to that hotel that morning to register and leave my grip and go about my business as usual for the day and night. . . The clerk was not in, and, as I had an engagement . . across the street, I set my grip down and started down the steps and stepped on a banana peeling, and it threw me plumb out; it threw me nearly down the steps, and my feet straddled out and caught, and my head went through the door first, and it ruined my back. . . The light, with reference to the stairway, is something like 12 or 15 feet back behind it like, and it threw a shadow on the steps as you walk between the light and the steps. There wasn't any light over the stairway at all. The steps are made of wood, and they are dark. The edges have brass cleats on the outer edge, but there is no catch at all. . . I was looking as close as I could to where I was going, but there was a shadow on the steps. I have stopped at other hotels in the city, and . . there is generally always light over the steps, so you can see where you are going. . . There was no light directly over these stairs; the light swings on the outside when it is lit, but it was not lit that morning; the only other light was about 11 or 12 feet back of the head of the steps. . . I had not registered; I left my son there to register. I did not have a conversation with Mr. Burtell, the clerk there, that morning, I don't remember seeing him at all. I say the stairway was not properly lighted. It is not true that there is a light over the head of the stairs that stays lit all the time. . . As to whether or not, when I started down the steps, I knew if it was dark, it was a shadow there, yes, sir. I went in and saw they were dark, they were shadowed. When I saw the steps were not lighted I knew it was dark. As to whether or not I saw that condition when I went in there, I saw

it was a shadow, yes, sir. . . It is not true that one of my eyes is out, it is not out altogether, but there is a spot in my eye. . . When I noticed the dark condition of the steps I took precaution in coming down. I looked close as I went down." The plaintiff's son testified: " There are some swinging doors down there, close to the entrance. There was no light between the top of the stairway and these swinging doors in there when we went in that morning. . . I don't recall exactly whether the sun was shining that morning or not, but, as well as I recall, it was, though. That entrance to the hotel faces east. The sun could not possibly shine half way up those steps if the sun is shining in the morning. I don't think the door is quite 15 feet high over the stairway. . . About 8 o'clock in the morning the building on the opposite side of the street would knock the sun off. . . There is a light about 10 or 15 feet from the head of the stairs. . . I don't think there is another light back over the steps that throws a light down the steps. . . I remember positively it was dark there in the stairs. I did not see any banana peeling until the porter showed it to me, . . about the first, second, or third steps. . . The banana peeling when I saw it was practically the color of the floor, . . a dark color. . . When I saw my father he was lying on the last two or three steps. . . These folding doors, close to the entrance from the street, have glass to them. The doors were closed when we went up there that morning; they stay closed pretty nearly all the time. . . When we went up the steps the light was on back 15 or 20 feet from the head of the stairs. I and my father had been stopping there and going up and down these steps for some time. . . They were dark when we went up them that morning; there was a shadow from the light." There was evidence as to damage to the plaintiff in stated sums as a result of the injury.

T. J. Lewis, T. L. Slappey, for plaintiff, cited: Civil Code (1910), § 4420; 2 Ga. App. 607; 3 Ga. App. 161; 6 Ga. App. 649; Civil Code (1910), § 5942; 57 Ga. 29 (2); 75 Ga. 637; 43 Ga. 323; 63 Ga. 488; 95 Ga. 547; 92 Ga. 494; 10 Ga. App. 90; 118 Ga. 836; 121 Ga. 466; 122 Ga. 250; 104 Ga. 88; 64 Ga. 306.

Thomas B. Brown, George F. Fielding, contra: 28 Ga. App. 335; 24 Ga. App. 524; 21 Ga. App. 599; 25 Ga. App. 369; Id. 415; 94 N. Y. Supp. 14.