### 18712. BRYAN *v.* MONCRIEF FURNACE COMPANY *et al.*

BROYLES, C. J. 1. Conceding (but not deciding) that the court in a damage suit in which the Knights of the Ku Klux Klan were defendants, erred in denying the timely motion of the plaintiff to purge the jury of all members of that organization, the error is not shown to have been prejudicial to the plaintiff's cause, since the record fails to disclose affirmatively that any one of the jurors who passed upon the case was at the time of his service on the jury a member of the Ku Klux Klan. The alleged newly discovered evidence contained in the affidavits submitted to establish the contention that three members of the jury were at the time of their jury service members of the Klan were not sufficient to affirmatively show that fact. Furthermore, one of the affidavits was made by a person who had been one of the jurors in the case. Such an affidavit, under repeated rulings of this court and the Supreme Court, can not be considered. "As a matter of public policy, a juror can not be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause." *Bowden* v. *State*, 126 *Ga.* 578 (55 S. E. 499) ; *Thompson* v. *State*, 4 *Ga. App.* 649 (5) (62 S. E. 99). Furthermore, the supporting affidavits required by section 6086 of the Civil Code were fatally defective in that they failed to give the names of the associates of the witnesses upon whose newly discovered evidence a new trial was sought. *Ivey* v. *State*, 154 *Ga.* 63 (6) (113 S. E. 175).

2. The ruling upon the admissibility of evidence, set forth in the fifth special ground of the motion for a new trial, was not error for any reason assigned.

3 The refusal of the written request to charge, set out in the seventh special ground of the motion, was not error, the requested charge being substantially covered by the charge given.

4. Exception is taken to the following excerpt from the charge: "If an employee should go upon the premises of another to improve the premises, and if such employee had equal means of determining and knowing whether the premises were dangerous or not with the owner or a contractor who might engage him to go there and do the work, if he had equal means of ascertaining whether or not the premises were unsafe, —means equal to those possessed by the owner or contractor who employed him,—and he should go upon the premises with equal means of

knowing it, and neither he nor the owner nor the contractor knew of any unsafe condition, and he should afterwards become injured as the result of a defect that existed there, then he could not recover on account of any defect unknown to the owner, as against the owner, or unknown to the contractor, as against the contractor, if the one injured had equal means of ascertaining whether or not such a defect actually existed." This excerpt from the charge was applicable to the facts of the case and was not error for any reason assigned. See, in this connection, *Stewart* v. *Seaboard Air-Line Railway*, 115 *Ga.* 624, 628 (41 S. E. 981); *Huey* v. *Atlanta*, 8 *Ga. App.* 597 (3), 604 (70 S. E. 71); *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81); *Fulton Ice and Coal Co.* v. *Pece*, 29 *Ga. App.* 507, 519 (116 S. E. 57); *Castleberry* v. *Fox*, 29 *Ga. App.* 35 (113 S. E. 110).

5. The last special ground of the motion for a new trial shows no cause for a reversal of the judgment. Under all the facts of the case the failure of the court to charge as there set out was not error, in the absence of a proper written request.

6. The general grounds of the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 10, 1928.

*Ben. J. Conyers, J. K. Jordan,* for plaintiff.

*Candler, Thomson & Hirsch, W. B. Cody, Hewlett & Dennis, Paul S. Etheridge,* contra.