19466. CHEVES, for use, etc., *v.* HITZ.

530

Decided April 9, 1929.

*Tye, Thomson & Tye,* for plaintiff.
*Mitchell & Mitchell,* for defendant.

Bloodworth, J. 1. So far as legal and pertinent, the request to charge set forth in the motion for a new trial was covered by the charge given; and the refusal to give the requested instructions to the jury was not error. *Bryan* v. *Moncrief Furnace Co.,* 38 *Ga. App.* 107 (3) (142 S. E. 700) ; *Miles* v. *Foy,* 38 *Ga. App.* 473 (3) (144 S. E. 802). Moreover, this ground of the motion need not be considered by this court. It is well settled by repeated rulings of this and the Supreme Court that each ground of a motion for a new trial must be complete and understandable without reference to any other part of the record. In this ground it is not alleged that the requested charge is not covered by the instructions given the jury, and it would be necessary to examine the charge given to ascertain whether or not the request was not covered by said instructions. Nor is it alleged that the requested instructions were pertinent and applicable to the facts of the case and were authorized by the evidence. *Cherry* v. *State,* 38 *Ga. App.* 388 (3) (144 S. E. 50) ; *Eunice* v. *State,* 38 *Ga. App.* 357 (2) (143 S. E. 925).

2. A ground of the motion for new trial alleges error "because the court, after charging the jury as follows: 'That is a presumption, that is a rebuttable presumption,' failed and omitted to explain to the jury the meaning and effect, as a matter of evidence, of the presumption, and failed to state to the jury how the presumption might be rebutted and on whom the burden of rebutting the presumption would rest." In *Holmes* v. *Clisby,* 121 *Ga.* 241 (7) (48 S. E. 934, 104 Am. St. R. 103), the Supreme Court held: "The judge should explain to the jury the meaning of technical terms which occur in his instructions; but a failure to do so will

not generally be a ground for a new trial, in the absence of an appropriate and timely written request for such explanation." See also *Pickens* v. *State*, 132 *Ga.* 46, 47 (63 S. E. 783). There was no request for an explanation of the meaning of the word "presumption," and the failure of the judge to explain it is not, under the particular facts of this case, cause for a new trial. In addition, "An exception to a correct charge, because of the failure to give in the same connection some other pertinent legal proposition, is not a good assignment of error." *Macon Railway & Light Co.* v. *Barnes*, 121 *Ga.* 443 (3) (49 S. E. 282). See *Ga. Granite Corp.* v. *Union Granite Co.*, 31 *Ga. App.* 261 (3) (120 S. E. 547), and cit.

3. The court charged the jury: "As to what the truth may be is a matter entirely for your consideration and determination." This charge states a correct principle of law, and is not subject to the criticism that it "authorized and led the jury to believe that they might find against the plaintiff even though there was no evidence whatever to rebut the presumption in plaintiff's favor."

4. A ground of the motion for a new trial alleges that the court erred when the jury was instructed that "if the plaintiff has failed to show you that this entry was made, you should find for the defendant." This ground is not complete and understandable without reference to other parts of the record. To ascertain what is meant by "this entry" it would be necessary to look to other parts of the record, and without looking beyond what appears in this ground we could neither learn the facts nor ascertain error. *Nissenbaum* v. *State*, 38 *Ga. App.* 253 (2), 255 (143 S. E. 776) ; *Russ* v. *State*, 35 *Ga. App.* 476 (133 S. E. 748).

5. The evidence supports the verdict, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*