18712. BRYAN *v.* MONCRIEF FURNACE COMPANY *et al.*

DECIDED AUGUST 23, 1929.

*Ben. J. Conyers, James K. Jordan,* for plaintiff.
*Harold Hirsch, Candler & Candler, W. B. Cody, Hewlett & Dennis, Paul S. Etheridge,* contra.

BROYLES, C. J. 1. Under the ruling of the Supreme Court on certiorari, in this case, the trial court erred in denying the timely

request of the plaintiff's counsel to purge the jury of members of the Ku Klux Klan (which was a codefendant in the case), and that error requires the grant of a new trial, irrespective of whether or not there were actually any members or member of the Klan upon the jury that tried the case. For the full opinion of the Supreme Court (and the dissenting opinion of Justice Hill, concurred in by Presiding Justice Beck) see *Bryan* v. *Moncrief Furnace Co.,* 168 *Ga.* 825 (149 S. E. 193).

2. The ruling upon the admissibility of evidence, set forth in the fifth special ground of the motion for a new trial, was not error for any reason assigned.

3. The refusal of the written request to charge, set out in the seventh special ground of the motion, was not error, the requested charge being substantially covered by the charge given.

4. Exception is taken to the following excerpt from the charge: "If an employee should go upon the premises of another to improve the premises, and if such employee had equal means of determining and knowing whether the premises were dangerous or not with the owner or a contractor who might engage him to go there and do the work, if he had equal means of ascertaining whether or not the premises were unsafe,—means equal to those possessed by the owner or contractor who employed him,—and he should go upon the premises with equal means of knowing it, and neither he nor the owner nor the contractor knew of any unsafe condition, and he should afterwards become injured as the result of a defect that existed there, then he could not recover on account of any defect unknown to the owner, as against the owner, or unknown to the contractor, as against the contractor, if the one injured had equal means of ascertaining whether or not such a defect actually existed." This excerpt from the charge was applicable to the facts of the case and was not error for any reason assigned. See, in this connection, *Stewart* v. *Seaboard Air-Line Railway,* 115 *Ga.* 624, 628 (41 S. E. 981); *Huey* v. *Atlanta,* 8 *Ga. App.* 597 (3), 604 (70 S. E. 71); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Fulton Ice &c. Co.* v. *Pece,* 29 *Ga. App.* 507, 519 (116 S. E. 57); *Castleberry* v. *Fox,* 29 *Ga. App.* 35 (113 S. E. 110).

5. The last special ground of the motion for a new trial shows no cause for a reversal of the judgment. Under all the facts of the case the failure of the court to charge as there set out was not error, in the absence of a proper written request.

6. The general grounds of the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

7. The judgment is reversed solely because of the error specified in the first paragraph above. The former judgment of this court affirming the judgment of the trial court (38 *Ga. App.* 107, 142 S. E. 700) is hereby ordered vacated, and the judgment is now

*Reversed. Luke and Bloodworth, JJ., concur.*