20993. HATFIELD *et al. v.* ROBERTS.

DECIDED SEPTEMBER 17, 1931.

*Porter & Mebane,* for plaintiffs in error.  *Paul H. Doyal,* contra.

LUKE, J.  Mrs. Sally Roberts sued Hatfield Brothers for damages for alleged personal injuries sustained from an accidental fall in the entrance to the mercantile establishment conducted by the defendants in Rome, Georgia.

The petition, after describing the entrance way to the storeroom, alleges:  "Said entrance passageway, or vestibule, into said storeroom was so constructed and maintained as to be unsafe, in that said slope or decline of said passageway was so pronounced, and the surface thereof being smooth and slick cement, said passageway, especially when wet and damp, and when trash accumulated thereon, became slippery and unsafe for the use of customers entering in and out of said store."  Following this are averments to the effect that the plaintiff entered the store for the purpose of making a purchase, and, as she came out of the storeroom, she stepped upon a small piece of banana peeling, slipped and fell, and sustained certain injuries, causing great pain and suffering, and alleged to be permanent in character.  The petition then charges:  "That her said injuries were due to the carelessness and negligence of the defendants, the said Hatfield Brothers, in that they failed to furnish a safe place in which to conduct their business, in that:  (*a*)  The entrance passageway, or vestibule, to said store was negligently constructed and maintained in that the elevation of the slope from the front door to the sidewalk line was too pronounced to make the same safe to walk upon, especially when slippery, foreign substances were allowed to accumulate thereon.  (*b*) The surface of said entrance, passageway, or vestibule was of such material as to be slick and unsafe to walk upon, and said surface was not properly scarred or roughened so as to prevent persons walking thereon from slipping and falling as petitioner did, especially when slippery, foreign substances were allowed to accumulate thereon.  (*c*)  Said defendants permitted trash, such as banana peelings and other slippery substances, to accumulate in said entrance passageway, or vestibule, and to remain therein, and with full knowledge and notice that the same were there, and that persons passing over the same were liable to slip and fall, as petitioner did.  (*d*)  The condition of the particular piece of banana peeling on which petitioner slipped and fell showed that the same had been in said entrance way, or vestibule, for days, or

such length of time that defendants knew, or in the exercise of ordinary care should have known, of the presence of the same and of the danger of the presence of the same, and the possibility of some one slipping upon same and falling and being injured by such fall." "Petitioner alleges that she exercised due and ordinary diligence, care, and caution in entering in and coming out of said storeroom; that she did not see the piece of banana peeling on which she stepped and slipped and which caused her fall, and had no notice or knowledge that said piece of banana peeling was in said passageway; that on account of the same being discolored and so nearly the color of the surface of the passageway that the same was not easily discernible by the casual passer over the same, but the presence of which could have been discovered by any one charged with the duty of keeping said passageway clear of such substances." Other allegations of the petition, that are not deemed necessary to a clear comprehension of the question to be decided, are not repeated here.

A general demurrer to the petition was overruled, and the defendants excepted.

The facts alleged in the petition, or the necessary inferences therefrom, show that there was a slope from the front door to the sidewalk; that the elevation of the front door and of the floor of the storeroom was some eight or ten inches higher than the elevation of the sidewalk; that the surface of said entrance was slick; that it was not scarred or roughened; that the day was cloudy, and the entrance was not lighted; and that the defendant had permitted a banana peeling to remain in said entrance for an unreasonable length of time, which gave or should have given the defendant knowledge of its presence. These and other allegations of fact are sufficient to show a cause of action and to withstand a general demurrer.

We are not in accord with the view of counsel for the plaintiffs in error that this case is controlled by the decision of this court in *Castleberry* v. *Fox*, 29 *Ga. App.* 35 (113 S. E. 110). In that case the allegations of the petition were sufficient to go to the jury, and the defendant prevailed, not because of plaintiff's insufficient allegations, but because of his failure to prove such allegations. Furthermore, in that case the defendant, a proprietor and owner of a hotel, was not on the same floor as was the banana peeling,

828

and did not have the same opportunity of knowing of the presence of the peeling as did the defendant in the instant case. And the evidence in that case showed that the plaintiff was thoroughly familiar with the place where the injury occurred.

The petition set out a cause of action, and the trial court committed no reversible error in overruling the general demurrer.

Judgment affirmed. Jenkins, P. J., concurs. Broyles, C. J., dissents.