## 22093. SOUTHERN RAILWAY COMPANY *v.* EDWARDS.

DECIDED MAY 10, 1932.

*Wheeler & Kenyon, R. W. Smith Jr.,* for plaintiff in error.
*Oliver & Oliver,* contra.

LUKE, J. D. A. Edwards sued the Southern Railway Company to recover damages for personal injuries. General and special demurrers to the plaintiff's petition were overruled, and exceptions taken. It appears from the petition that the plaintiff is postmaster at Oakwood, Georgia, with the duty of carrying the mails to and from the mail trains of the defendant company; that Oakwood is what is known as a "flag-station," at which the trains stop only upon signal; and that the mail pouch is dropped off at the station, while the trains are in motion, by the mail clerks. The gist of the complaint is contained in paragraph 10 of the petition, which paragraph is in part as follows: "That as the mail clerk dropped off

the mail the said defendant's train was running at such an awful rate of speed and with the suction and the wind generated by the speed of the train put the pouch that had the Sunday papers in motion and the same became with such force that the said pouch struck petitioner and knocked petitioner down, and petitioner falling and striking his face against the timber that the defendant had constructed on its right of way to hold and preserve the gravel that had been put on said yard," injuring petitioner in specified respects. It otherwise appears from the petition that the train was running at the rate of from fifty to sixty miles per hour, and that the plaintiff ascribes his injuries to the negligence of the defendant company in operating its "train through the town of Oakwood at such a dangerous and reckless rate of speed." It does not appear from any of the averments of the petition that the mail clerk was in the employment or in anywise under the control of the defendant company.

From the allegations of the petition, if the plaintiff's injuries were the result of any negligence other than his own, such injuries must have resulted from the negligence of the mail clerk and not from the negligence of the defendant company. The connection between the negligence attributed to the railway company and the injuries sustained by the plaintiff is entirely too remote to give rise to any liability in the case. In order to state a good cause of action, the petitioner is required to aver facts to show some act or acts of negligence of the defendant, and that such negligence was the proximate cause of his injuries. The petition failed to meet this requirement, and the general demurrer should have been sustained. Since the judgment must be reversed because of the error committed in overruling the demurrer, the grounds of the motion for a new trial need not be considered.

*Judgment reversed. Broyles, C. J., and Jenkins, P. J., concur.*