21843. SLATON *v.* SOUTHERN RAILWAY COMPANY.

STEPHENS, J. 1. Upon the trial of a suit against a railroad company for damages because of the homicide of the plaintiff's husband, alleged to have been caused by the negligence of the defendant in operating one of its trains over a railroad-crossing which was a private way maintained by the defendant for a number of years, and which had been in constant and uninterrupted use by the people of the community in crossing the railroad, which facts were known to the defendant, which should have anticipated that persons would be on its track at that point, it being further alleged that the defendant was negligent in operating the train at that place at the rapid and dangerous speed of sixty miles per hour, without keeping a lookout ahead and looking out for the presence of pedestrians upon its track at this point, without signaling the train's approach by the sound of a bell or whistle, and without slowing or checking the speed of the train, where it appeared from the evidence that the body of the plaintiff's husband, who had apparently been dead for several hours, was found lying within about eight or ten feet on the west side of the railroad-track, about thirty feet south of the crossing, that several hours before the body was found the deceased left home at night, about dark, for the purpose of going somewhere and obtaining a fish, that after the body was found near the defendant's track there was also found a fish lying between two crossties on the same side of the track at a place six or eight feet north of the crossing, that on

the side of the track north of where the body lay there were weeds that appeared bent over toward the south, and in the opinion of the witness who thus described the condition of the weeds "it looked like the body went down there as it bent south, as if it had come from the north side," that the body, in the language of a witness, "was skinned some on his face like he had skidded a little," that there was a wound upon the left side of the back of the head of the deceased, that about three of his right ribs were broken and completely severed from the backbone, and there was a wound about the center of the back, that the injuries on the body must, in the language of a witness who described the wounds, have been caused by "some heavy object like a locomotive train," that in the opinion of the undertaker who took charge of the body and who had testified as to the nature of the wounds on the body, an engine hit the deceased, that there appeared on his clothes, where the body was wounded, black grease such as is seen upon the cylinder head on the side of a locomotive-engine about three or four feet high, that, in the opinion of a witness who had examined the wounds, they could not have been caused by a passing automobile, because an automobile was not heavy enough to produce such wounds, that automobiles did not use the crossing, and, although it appears from the evidence that at the point where the deceased's body was found there was a parallel railroad-track belonging to another company on the other side of the defendant's track from the place where the body was found, that these tracks were from six to ten feet apart, that the body was nearer to the defendant's track than to the track of the other railroad company, that the plaintiff's husband left home about "dusky dark" on the night he was killed, and that about 9 o'clock that night and before the body was found a train of the defendant passed over its track at this place, going south, the inference is authorized that the deceased met his death from the operation of a train of the defendant. *Southern Ry. Co.* v. *Slaton*, 41 *Ga. App.* 759 (154 S. E. 718). The ruling there is the law of this case.

2. Since the nature of the deceased's injuries was such that, if he had been killed by the operation of the defendant's train, they could have been caused by the negligent operation of the train as alleged in the petition, and since the presumption statute of August 24, 1929 (Ga. L. 1929, p. 315), provided that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury," and since there was evidence to authorize a finding as to the value of the life of the deceased and therefore the amount of the plaintiff's damage, the evidence was sufficient to authorize the jury to find that the plaintiff had proved her case as laid in the petition; and the grant of a nonsuit was error.

*Judgment reversed.* *Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 26, 1932. REHEARING DENIED, OCTOBER 1, 1932.

*Mann & Mann, Mitchell & Mitchell,* for plaintiff.

*Maddox, Matthews & Owens, W. M. Sapp, S. R. Maddox, O. R. Hardin,* for defendant.