23971. SOUTHERN RAILWAY COMPANY *v.* SLATON.

Decided November 12, 1934. Rehearing denied January 2, 1935.

*Oliver R. Hardin, Sapp & Maddox, Maddox, Matthews & Owens,* for plaintiff in error.

*Mitchell & Mitchell, Mann & Mann,* contra.

Sutton, J. 1. The plaintiff brought suit against the railway company for the death of her husband, alleged to have been caused by its negligence. The petition was construed, on demurrer, as setting forth a cause of action against the railway company. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718). On the trial of the case, at the conclusion of the plaintiff's evidence, the court granted a nonsuit. That judgment was reversed by this court. *Slaton* v. *Southern Ry. Co.,* 45 *Ga. App.* 781 (165 S. E. 883). The next trial of the case resulted in a verdict for the plaintiff for $2150. The evidence adduced on this trial was substantially the same as that on the former trial, when the court granted a nonsuit and this court reversed that judgment. The only evidence different from that on the former trial was to the effect that the deceased left the home of a witness about 8:30 o'clock the night he was killed, going in a direction away from the

tracks of the defendant railway company. With this evidence before the jury, a verdict for the plaintiff was still authorized by the evidence as a whole, applying the principles of law ruled in the two former decisions of this court in the case. On this second trial, at the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, contending that the presumption statute of 1929 (Ga. L. 1929, p. 315) did not apply to the instant case, and also attacking that statute as unconstitutional upon the ground that it violated the due-process clause of the fourteenth amendment to the constitution of the United States. The motion for a nonsuit was overruled, and to this judgment the railway company excepted pendente lite. The defendant moved for a new trial, the motion was overruled, and the case was taken to the Supreme Court on exceptions to the judgment overruling the defendant's motion for a new trial and the judgment overruling the defendant's motion for nonsuit. That court held that the judgment refusing a nonsuit could not be considered, because the defendant had made a motion for a new trial upon the ground that the verdict was contrary to the evidence; and furthermore that the question of nonsuit had been adjudicated against the defendant by the former decision of this court in the case. Accordingly the case was transferred to this court for determination of the grounds of the motion for a new trial. *Southern Railway Co.* v. *Slaton,* 178 *Ga.* 314 (173 S. E. 161).

(*a*) It has been adjudicated in this case that the jury were authorized to find that the plaintiff's husband met his death from the operation of a train of the defendant. *Slaton* v. *Southern Railway Co.,* 45 *Ga. App.* 781, supra. It has further been adjudicated in the instant case that the presumption statute of August 24, 1929, providing that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of locomotives or cars of such company shall be prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury," was applicable thereto. *Slaton* v. *Southern Ry. Co.,* supra.

2. Under the rulings of this court in the former decisions in this case, and of the Supreme Court in *W. & A. R. Co.* v. *Michael,* 175 *Ga.* 1 (165 S. E. 37), and under the facts of this case, the court did not err in giving in charge to the jury the principles of

law announced in the second paragraph of the decision in this case in the 41 *Ga. App.* 759.

(*a*) Applying to the facts of this case the rulings of this court, it was not error to charge the jury in effect that the duty of the plaintiff's husband to avoid the consequences of the defendant's negligence, if it was negligent, did not arise until such negligence became apparent or in the exercise of ordinary care ought to have been discovered by plaintiff's husband.

(*b*) Under the facts of this case the court did not err in charging the jury the circumstantial-evidence rule as defined by section 5729 of the Civil Code of 1910.

(*c*) The court did not err in refusing to charge the jury that "It not appearing that plaintiff's husband was at a public crossing at the time he was killed, . . the defendant railroad company was under no duty to comply with the statutory requirements as to giving signals and otherwise using due care; and a failure to comply with such requirements was not negligence as to the plaintiff's husband." Under the former decisions in this case, the request did not set forth a correct applicable principle of law.

(*d*) It is not error, in charging as to the contentions of the parties and outlining the same from the pleadings in the case, to omit to charge as to one contention of the plaintiff, set up by way of amendment, which was unsupported by the evidence, and on which the verdict for the plaintiff does not have to be based to entitle her to a verdict.

(*e*) The defendant having denied all the allegations of the plaintiff's petition as to negligence, and the court having so charged the jury, in stating the contentions of the defendant, the court did not err in charging them that "The defendant comes into this court by way of answer and denies that it killed this man, and denies that it was guilty of any negligence which proximately caused or contributed to the death of George W. Slaton. The defendant in this case says that it is not liable for this death, and that this jury ought not to render judgment against it for any sum whatsoever." This charge was not error in that it was calculated to lead the jury to believe that the court construed and interpreted the contentions of the defendant as an admission that it was negligent in some ône or all of the ways charged and was merely contending that such negligence did not cause or proximately contribute to the death of plaintiff's husband.

(*f*) The charge of the court complained of in the third ground of the amendment to the motion for new trial was not subject to the criticism urged by the plaintiff in error. The charge did not authorize the jury to find for the widow of the decedent without proof on her part that he was killed by a train of the defendant railway company; nor did the court, by said charge, in effect, assume that the plaintiff's husband was killed by a train of such railway company. The court elsewhere in the charge specifically instructed the jury that the burden was upon the plaintiff to prove every material allegation of her petition, and the plaintiff alleged that her husband was killed by a train of the defendant, basing her right to recover upon the alleged negligence of the defendant railway company in the operation of such train.

(*g*) It has been held that a ground of a motion for a new trial in which a refusal to give a requested instruction is complained of is incomplete and need not be considered, where the movant fails to allege therein that the requested instruction was not covered by the general charge of the court, and an examination of the charge given is necessary to ascertain whether it covered the requested instruction or not, and it is not alleged in such ground that the requested instruction was pertinent and applicable to the facts of the case. *Cherry* v. *State*, 38 *Ga. App.* 388 (3) (144 S. E. 50); *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 713 (145 S. E. 486); *Cheves* v. *Hitz*, 39 *Ga. App.* 529 (147 S. E. 778). Moreover, it appears from this ground that the trial judge gave, in lieu of the requested instruction, a charge in practically the same language as that contained in the request, and which substantially covered the principle embraced therein. The refusal to give the requested instruction was not erroneous. *Miles* v. *Foy*, 38 *Ga. App.* 473 (3) (144 S. E. 802).

3. Applying the above rulings, the court did not err in overruling defendant's motion for a new trial on all the grounds thereof.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*