## 24127. WILLIAMSON, INMAN & COMPANY INC. v. THOMPSON.

SUTTON, J. The defendant company was sued for commissions alleged to be due for selling certain cotton, the plaintiff contending that the commissions became due when he procured acceptable purchasers for the cotton and a contract was entered into with them, although the cotton was not to be delivered and paid for until a later date. Defendant contended that such commissions were not due until the cotton was delivered and paid for; also that the purchasers procured by the plaintiff were insolvent at the time they entered into the contracts; that they were therefore unable to perform their contracts at that time; that although the plaintiff was fully acquainted with the financial condition of these purchasers and should have reported it to the defendant, he concealed these facts from the defendant and represented that the purchasers were solvent and willing to perform their contracts; that therefore the plaintiff, as agent, did not deal with the defendant, as principal, in the good faith required of him by law; that it was the plaintiff's duty to procure and offer to the defendant only solvent purchasers, and that it was the universal custom, known to the plaintiff, in the cotton trade prevailing in that territory, that commissions for selling cotton were payable only on actual delivery of and payment for the cotton sold, and this custom entered into and became a part of the contract between the plaintiff and the defendant. Plaintiff denied that he acted in bad faith, or that there was any such custom prevailing, and denied that he knew of the insolvency of the purchasers at the time. The jury returned a verdict in the plaintiff's favor for the full amount of the commissions sued for. The defendant moved for a new trial, which the trial judge denied, and to that judgment the defendant excepted. *Held:*

1. In the absence of any contrary contractual stipulation, the general rule is that an agent employed to sell commodities upon commission for his principal, such as cotton, may recover his commissions for procuring purchasers with whom valid contracts are made, although the purchasers later are found to be financially unable to comply with the terms of their contract; subject to certain limitations regarding the good faith of the agent. The commission is earned, in such a case, when the agent finds an acceptable purchaser with whom a valid contract is made. See *Baker* v. *Strawder,* 50 *Ga. App.* 388. Such an agent is not an insurer of the ability of the purchasers procured by him, if they are accepted as satisfactory by the principal and binding contracts of sale are made with them by the principal; but the agent is bound to act in good faith toward his principal. He can not fraudulently put off insolvent purchasers on his principal, and thus entrap the principal. *Payne* v. *Ponder,* 139 *Ga.* 283, 287 (77 S. E. 32).

2. The court did not err in refusing to charge the jury, on written request, that "If plaintiff was sales agent for defendant at the place of his residence, and it was his duty under such employment to inform defendant of any fact in his possession touching the financial responsibility of the proposed purchaser, it was the duty of such agent to inform his principal of such rumors, and his failure to do so will defeat his recovery

if his principals sustained loss by reason of the agent's failure to so inform his principal." It is not alleged in the motion for a new trial that the principle of law embraced in this request was not substantially covered in the charge given by the court. See *Hawkes Co.* v. *Cowart Co.*, 21 *Ga. App.* 397 (94 S. E. 643); *Bryan* v. *Moncrief Furnace Co.*, 38 *Ga. App.* 107 (142 S. E. 700); *Cheves* v. *Hitz*, 39 *Ga. App.* 529, 530 (147 S. E. 778). The principle embraced in the request was not a correct applicable statement of the law as applied to the evidence and facts in this case.

3. The failure of the court to give the requested instruction as to a general and universal custom was not error, the trial judge having substantially covered this issue in his charge to the jury. *Bryan* v. *Moncrief Furnace Co.*, supra.

4. In the third ground of the amendment to the motion for a new trial the defendant complained of the refusal to allow further cross-examination of the plaintiff as to whether or not the plaintiff had heard any rumors as to the bad financial condition of the purchasers prior to the time they made the contracts to purchase this cotton. The right to cross-examine a witness by the opposite party is very broad, and much latitude should be allowed counsel to subject the witness, particularly, if he is the opposite party himself, to a thorough and sifting cross-examination; and it would seem that this right ought not to be denied the defendant where the plaintiff is on the stand and it is sought to elicit from him such evidence as would authorize the jury to find in favor of the defendant. Defendant's counsel asked plaintiff if he had heard any rumors concerning the bad financial condition of these purchasers before such contracts were entered into, and plaintiff replied that he had heard little rumors, but knew nothing about it. Defendant contends that it was relying upon the plaintiff, as its agent, to sell its cotton only to financially responsible persons, and that it had the right to cross-examine him as a witness fully as to his knowledge of the financial condition of these purchasers. The fact that the defendant does not in this ground state what answers were expected of the plaintiff upon this cross-examination does not prevent this ground from being a proper assignment of error. *Bell* v. *Felt*, 119 *Ga.* 498 (46 S. E. 642); *Macon Union Co-operative Asso.* v. *Chance*, 31 *Ga. App.* 636 (2) (122 S. E. 66). If the defendant could have elicited from the plaintiff evidence tending to show that he had knowledge of the insolvency of these purchasers before he submitted their offers to buy cotton to the defendant and they were accepted, then, if the jury believed that the plaintiff had such knowledge at that time, they should have returned a verdict in the defendant's favor.

5. Evidence as to the insolvency of these purchasers would not be admissible, unless the defendant could show that the plaintiff had knowledge thereof. If there was evidence tending to show that the plaintiff knew of their insolvency, whether it was brought out by the defendant on cross-examination or otherwise, then it would have been erroneous for the trial judge to instruct the jury that there was no evidence that the plaintiff had such knowledge, and to have withdrawn from their consideration the defense that the plaintiff knew these purchasers were in-

solvent at the time such contracts were effected, and acted in bad faith towards the defendant in not so informing it.

6. The sufficiency of the evidence need not be passed upon, as the judgment overruling the motion for a new trial is reversed for the above reason.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 13, 1935.

*Hooper & Hooper,* for plaintiff in error.
*Sutherland, Tuttle & Brennan,* contra.