## 28902. COOK v. KROGER BAKING & GROCERY COMPANY.

DECIDED JUNE 19, 1941.

*Lowndes Calhoun, M. Smith,* for plaintiff.

*T. Elton Drake, Herman Talmadge, Edward B. Lovell,* for defendant.

MACINTYRE, J. W. T. Cook brought suit against Kroger Baking and Grocery Company seeking damages resulting from injuries allegedly sustained by his wife in a Piggly-Wiggly store operated by the defendant at College Park, Georgia. The petition alleged, that it was the usual practice for a purchaser in the store to first obtain a basket at a counter, then proceed through the store to the various shelves, serving one's self to the various articles, and, after obtaining all one desired, to go back to the counter where the cash register was located, in order to get his purchases wrapped and to pay therefor; [that often purchasers accidentally drop vegetables or other groceries on the floor in front of the counter where purchas-

ers "check in," and often they are mashed underfoot by the crowds coming up to the counter and cash register, and slick places are created on the floor in front of the counter and cash register, and purchasers are apt to slip on said floor on account of said slick places;] that in the exercise of ordinary care the defendant should have had agents or servants to watch the floor in front of said counter and cash register, and clean the same in order to prevent it from becoming slippery or slick and thus prevent customers from slipping thereon and injuring themselves; [and that the defendant should have done this in the exercise of ordinary care]. On the occasion in question the plaintiff's wife went into the defendant's store to make some purchases in the manner above described; and when she went to pay her bill and have her packages wrapped, she slipped on a slick place in front of the counter and cash register, fell heavily to the floor, and received described injuries. The slick place on which she slipped was caused by a piece of carrot top which had been dropped on the floor and crushed underfoot by customers coming up to the counter, causing the floor to be slippery, and [because of the crowds about and coming up to the counter to have their packages wrapped and pay their bills, and being engaged herself in seeking to pay her bill and get her packages wrapped, she did not and could not see said slick place on the floor]. The defendant invited her into its store, and it was its duty to see that the floor was kept clean through inspection, and in failing so to do and in allowing it to become slippery the defendant failed to exercise ordinary care. The plaintiff asked damages for doctor bills, etc., and $2500 for the loss of services and consortium of his wife.

The defendant demurred. Certain paragraphs of the petition which are in effect set out above and enclosed in brackets and which sought to allege negligence in general terms were specially demurred to as not setting up the particulars in which the defendant was negligent, and upon the plaintiff's refusal to amend were stricken on the special demurrers. No exception was taken to that ruling, and thereafter the general demurrer was sustained and the action was dismissed.

The innocence of the person injured does not necessarily establish the negligence of the defendant. The defendant can not be liable unless he owed to the person injured a duty which he neglected. The defendant is not an insurer. Here no active negli-

gence, no structual defects, and no actual knowledge by the defendant that the carrot top was on the floor of the defendant's grocery store is alleged. The mere allegation "petitioner says that he is informed and believes that the slick place on which his said wife slipped and fell was caused by a piece of carrot or carrot top, which had been dropped on the floor and crushed underfoot by customers coming up to said counter, and causing the floor to be slippery," and the further allegation that "in the exercise of ordinary care the said company should have had agents or servants to watch the floor in front of said counter and clean the same up in order to prevent it from becoming slippery or slick places being on the floor, and thus prevent customers from slipping on said floor and injuring themselves," do not show that the carrot or carrot top had been on the floor a sufficient length of time (in fact no time was specified) to show that the defendant knew or ought to have known that the carrot or carrot top was on its floor, that is, that it had constructive knowledge thereof. No inference of constructive knowledge can be drawn from the length of time the carrot top was there, for no specific length of time is alleged. Nor are any other facts alleged that are sufficient to show that the defendant had any constructive knowledge that the carrot or carrot top was there. Where special and general demurrers are filed to a petition claiming damages for negligence which alleges in general terms that the defendant was guilty of negligence, it is not sufficient to allege the negligence in general terms when the defendant objects by proper demurrers to such allegation or allegations, calling for the particulars of the negligence complained of; and when the judgment on special demurrers requires the pleader to amend in these particulars wherein he has been delinquent, and he refuses to amend, the pleading may be dismissed if the delinquency relates to the entire cause of action set up in the petition. "A general demurrer enables the party to assail every substantial imperfection in the pleadings of the opposite side without particularizing any of them in his demurrer; but if he thinks proper to point out the faults, this does not vitiate it." *Martin* v. *Bartow Iron Works*, supra. There was no error in sustaining the special demurrer in this case, and thereafter in sustaining the general demurrer and dismissing the action. *Russell* v. *Central of Georgia Railway Co.*, supra; *Kemp* v. *Central of Ga. Ry. Co.*, 122 Ga. 559, 562 (50 S. E. 465); *Hudgins* v. *Coca-*

*Cola Bottling Co.*, 122 *Ga.* 695, 699 (50 S. E. 974) ; *Farmers Mutual Fire Insurance Co.* v. *Pollock*, 52 *Ga. App.* 603, 606 (184 S. E. 383) ; *Castleberry* v. *Fox*, 29 *Ga. App.* 35 (113 S. E. 110). See also *Hatfield* v. *Roberts*, 43 *Ga. App.* 825 (160 S. E. 537) ; *Woolworth Co.* v. *Woods*, 32 *Ga. App.* 575, 578 (124 S. E. 110).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*