31855. WILLIAMS *v.* SOUTHERN RAILWAY COMPANY
*et al.*

DECIDED FEBRUARY 26, 1948.

*William A. Thomas*, for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene, Powell, Goldstein, Frazer & Murphy*, for defendants.

PARKER, J. This case presents for our consideration the sole question of whether the plaintiff's amended petition sets forth a cause of action against the Southern Railway Company. Counsel for the plaintiff in his two-page brief cites only *Slaton* v. *Southern Railway Co.*, 45 *Ga. App.* 781 (165 S. E. 883), *Southern Railway Co.* v. *Slaton*, 50 *Ga. App.* 570 (178 S. E. 392), and *Buffington* v. *A. B. & C. R. Co.*, 47 *Ga. App.* 85 (169 S. E. 756). We are unable to see how these cases throw any light on the question involved in this case. Counsel for the defendant cite no cases bearing directly on the question before us. Nevertheless, we do not think that the petition as amended sets out a cause of action against the Southern Railway Company.

The lengthy and rather repetitious amended petition, after setting forth the formal jurisdictional allegations, and after setting out the facts of the case, alleges that the defendant, Southern Railway Company, was negligent in its failure to properly mark or guard the crossing, either by maintaining a watchman or automatic gates or other signal devices to warn persons of the approach of trains, and in the failure of its trainmen to keep a constant lookout, and in running its train across the crossing at an unlawful and excessive speed. If it appears from the petition that the death of the plaintiff's husband was the natural and probable result of any of the acts of negligence charged, it was error to sustain the general demurrer. To state a cause of action for negligence, the plaintiff must aver facts showing that the defendant committed an act of negligence proximately causing the plaintiff's injury. *Ayers* v. *L. & N. R. Co.*, 5 *Ga. App.* 454 (63 S. E. 530), *Gillespie* v. *Andrews*, 27 *Ga. App.* 509(1) (108 S. E. 906), *Jernigan* v. *Georgia Ry. & Power Co.*, 31 *Ga. App.* 273(1) (120 S. E. 439), *Southern Ry. Co.* v. *Edwards*, 45 *Ga. App.* 255 (164 S. E. 218); *Powell* v. *Waters*, 55 *Ga. App.* 307(1a) (190 S. E. 615), and *Perry* v. *Central Railroad*, 66 *Ga.* 746(4).

"So the controlling question to be determined is: what was the proximate cause of the injury and death of the decedent? The

proximate cause of an injury is ordinarily a question for the jury. But where it appears from the undisputed facts that the act or negligence complained of is not the efficient proximate cause of the injury, then the question is properly one for determination by the court. 'The most generally accepted theory of causation is that of natural and probable consequences (*Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847, 848, 31 S. E. 443); and in order to hold the defendant liable the petition must show either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the original wrong-doer'. *Rome Railway &c. Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786).'' *Powell* v. *Waters,* supra, 311, 312. " 'A natural consequence is one which has followed from the original act complained of, in the usual, ordinary, and experienced course of events. A result, therefore, which might reasonably have been anticipated or expected. Natural consequences, however, do not necessarily include all such as upon a calculation of chances would be found possible of occurrence, or such as extreme prudence might anticipate, but only those which ensue from the original act without any such extraordinary coincidence or conjunction of circumstances as that the usual course of nature should seem to have departed from.' '' *Southern Railway Co.* v. *Webb,* 116 *Ga.* 152, 155 (42 S. E. 395, 59 L. R. A. 109). Quoting from Watson's Personal Inj., § 33.)

Can it be said that the death of the decedent followed as the natural and probable consequence of the failure of the Southern Railway Company to maintain an adequate safeguard at the crossing as alleged? It may be conceded that the natural and probable consequence of the failure of a railway company to provide safeguards at a public crossing such as is here involved would ordinarily be the death or injury of pedestrians using the crossing, or that such might be expected to result from such neglect as a natural and probable consequence thereof. But where the allegations, as in this case, show that the death of the deceased was the result of a negligent act of a third party, which negligent act intervened between the negligence of the defendant and the injury, and was in fact the proximate cause of the injury,

a demurrer to the petition should be sustained. The petition alleges that the train of the Southern Railway Company was on the crossing when the deceased was struck by an engine of the Central of Georgia Railroad, and his body thrown into the Southern train on the adjacent track. Construing the petition most strongly against the pleader, as we must do on demurrer, we think it reasonable to conclude therefrom that the deceased saw the train and cars of the Southern Railway Company in motion, and that, notwithstanding the absence of warning devices and of a watchman, he would have avoided being injured by that train had it not been for the intervening agency of the other engine in striking him and hurling his body into the passing train, as clearly alleged in the petition. There is no allegation that the deceased was under any disability that would have prevented his seeing the cars, nor is there any allegation that the lighting conditions existing at the crossing at the time of the injury would have prevented his seeing the passing train. We think that the allegations show that the sole proximate cause of the deceased's presence under the train of the Southern Railway Company was the negligent striking of the deceased by the engine of the other defendant, the Central of Georgia Railroad.

Having reached the conclusion set out above, one further question remains. Can it be said that either the alleged failure of the Southern Railway Company to give warning of the approach of its train to the crossing, or the alleged negligent running of its train at an excessive rate of speed, or the failure of its trainmen to keep a constant lookout, was a cause contributing to the death of the deceased?

We think that the case of *Southern Ry. Co.* v. *Webb,* supra, gives us the proper answer to this question. In that case the deceased, while riding as a passenger on the defendant's train, was negligently thrown from the rear platform thereof to the tracks, and while lying on the tracks in an insensible condition, was run over and killed by an engine of the Georgia Railroad Company, using the defendant's track and following the train of the defendant. The court discussed the question of liability there involved from the standpoint of proximate cause. It concluded that the proximate cause of the death was not the negligence of the operators of the Georgia Railroad Company engine, as con-

tended by the defendant, but was the negligence of the defendant in propelling the deceased from its train and allowing him to remain upon the track in an exposed and dangerous position. It seems to us that the facts in the *Webb* case were stronger against the Georgia Railroad Company than the facts in this case are against the Southern Railway Company. There the deceased lay upon the tracks, apparently in full view of the crew of the Georgia Railroad Company engine, while here the deceased was thrown by the force of being struck by a Central of Georgia Railroad engine, against or under the wheels of cars of a train of the Southern Railway Company being operated past the point at the time, and when the engine and its crew, those in charge of the train and capable of taking steps to prevent the injury, had passed the point and could not have done anything to prevent the injury.

For the reasons stated, we have concluded that the failure of the Southern Railway Company to keep a lookout, and to give a warning of the approach of its train to the crossing, and the operation of the train at an excessive rate of speed, and its failure to maintain safeguards at the crossing, could have had no causal connection with the injuries inflicted upon the deceased after the train was on the crossing and was passing over it.

There being no causal connection between the alleged negligence of the Southern Railway Company and the death of the plaintiff's husband, the trial court did not err in sustaining the general demurrer and in dismissing the petition as to that company.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*