42542. GLOVER v. GENERAL MOTORS CORPORATION et al.

42543, 42544. GLOVER v. GENERAL MOTORS CORPORATION et al.; and vice versa.

ARGUED JANUARY 10, 1967—DECIDED JANUARY 25, 1967—REHEARING DENIED FEBRUARY 13, 1967.

*Hitch, Miller, Beckmann & Simpson, R. M. Hitch, Crawford, Leeb & Calhoun, John R. Calhoun,* for appellants.

*Neely, Freeman & Hawkins, J. Edgar Neely, Pierce, Ranitz & Lee, Kennedy & Sognier, Morris & Morris, Bouhan, Lawrence, Williams & Levy, Frank W. Seiler, Hartridge & Hartridge, Julian Hartridge, Jr.,* for appellees.

DEEN, Judge. Even as against general demurrer, the negligence alleged must be shown to bear a proximate causal relation to the injury or it is not actionable negligence as to the plaintiff. *McKinney v. Burke,* 108 Ga. App. 501 (133 SE2d 383); *McClure v. Union Lumber Co.,* 89 Ga. App. 424 (79 SE2d 412). Where, as here, the plaintiffs undertake to impose liability for the malfunction of the accelerator pedal, which is definitely alleged as the sole cause of the injuries, on three separate and distinct entities, the facts stated must, as against the general demurrers of each, be sufficient to show that the negligence of the demurrant entered into and was an integral part of the causative force. The two-count petitions allege generally that the manufacturer was negligent in improperly installing the accelerator linkage in a reverse position approximately $2\frac{1}{4}$ inches out of alignment which caused the apparatus to strike the metal coil housing, failing to wrap the coil wires in a single conduit, "failing to provide a sufficient degree of permanency and stability in the location of said wires that would have prevented independent garage mechanics from allowing the wires to interfere with the operation of the accelerator apparatus," and positioning the harness so that the wires led

from it in a loose and dangling fashion so that "the cotter key could become entangled with said wire when the accelerator was in open position. . . Such a realignment by mechanics working in this sensitive area is or should have been known by defendant General Motors . . . and was as to said defendant a reasonably foreseeable happening."

It is then alleged that prior to selling the secondhand automobile to Butler the defendant used car dealer took it to Kea, a repairman, to replace a piston ring in the engine block and Kea removed the ignition coil wires from their "proper but insecure harness," negligently failed to replace them, and allowed them to hang loose in the operation area of the accelerator. General Motors and Helton's, Inc., were both negligent in failing to inspect and discover these defects.

Nowhere is it alleged that the negligent installation by General Motors of the accelerator linkage in a reverse position or out of alignment caused the accelerator to malfunction. Nowhere is it alleged that the negligence of Kea in failing to replace the wires in their proper harness caused the wires to become entangled with the accelerator mechanism or in any other way prevented it from functioning properly. Nothing in the petition indicates that if the accelerator linkage had not been reversed, or if the wires had been properly replaced in the housing, either or both, the accelerator pedal would have functioned any differently. The only allegation touching on this point appears by amendment in Count 2 where it is stated that the cotter key *could* become entangled with a wire leading to the ignition coil where there was a reverse realignment when the accelerator was in open position. It was never stated that the wires did in fact become entangled with the cotter key or linkage, or which, if any, of the other enumerated acts of negligence cause the accelerator to stick in its open position. Each separate defendant, accordingly, is correct in urging that under these facts its own negligence did not necessarily contribute to whatever state of facts caused the accelerator to malfunction.

It is true, as stated in *King Hardware Co. v. Ennis*, 39 Ga. App. 355 (5) (147 SE 119) that mechanical defects need not be described with minute precision. Here the defects are

minutely described but indubitably their causative relation to the malfunction is not made to appear. "Specifications of negligence do not constitute the entire pleading and the fact that the petition may contain general allegations of negligence which are good as against a general demurrer does not demand the conclusion, or necessarily justify the conclusion, that the petition as a whole sets forth a cause of action. Negligence alone does not give a right of action to an injured person against the negligent person unless the negligence be the proximate cause of the injury and damage. *Western & A. R. v. Frazier,* 66 Ga. App. 275 (18 SE2d 45); *Kleinberg v. Lyons,* 39 Ga. App. 774 (148 SE 535); *Doby v. Florence Constr. Co.,* 71 Ga. App. 888 (32 SE2d 527); *Stallings v. Ga. Power Co.,* 67 Ga. App. 435 (20 SE2d 776); *Western & A. R. v. Crawford,* 47 Ga. App. 591 (170 SE 824); *Queen v. Patent Scaffolding Co.,* 46 Ga. App. 364 (167 SE 789); *Williams v. Southern R. Co.,* 76 Ga. App. 559 (46 SE2d 593); *Gallovitch v. Ellis,* 55 Ga. App. 780 (191 SE 384); *Powell v. Waters,* 55 Ga. App. 307 (190 SE 615); *Walters v. Berry Schools,* 40 Ga. App. 751 (151 SE 544)." *Davis v. Aiken,* 111 Ga. App. 505, 508 (142 SE2d 112). As stated in the same case, allegations of proximate cause are mere conclusions which must be disregarded when the facts stated fail to support them. See to the same effect *Ford v. S. A. Lynch Corp.,* 79 Ga. App. 481 (54 SE2d 320); *Dowling v. Southwell,* 95 Ga. App. 29 (96 SE2d 903); *Belch v. Sprayberry,* 97 Ga. App. 47 (101 SE2d 870).

The general demurrers were properly sustained for the reason that, as to each particular demurrant, it is not shown that the negligence of that defendant contributed to cause the defective condition of the automobile inflicting the injuries.

*Judgments affirmed. Frankum, P. J., and Quillian, J., concur.*