22407. ELLIS *v.* SOUTHERN GROCERY STORES INCORPORATED.

JENKINS, P. J. Plaintiff stepped upon a canteloupe rind lying on the paved sidewalk in front of the defendant's grocery store, and fell. He did not see the rind before stepping upon it, but examined it afterwards, and testified that it was in a condition of decay, and "had the appearance of being about the same color as the sidewalk, which is a kind of gray." He further testified that he had had experience with canteloupes, and from his experience "would say that that canteloupe rind had been exposed all night." Plaintiff introduced a city ordinance providing as follows: "It shall be the duty of all occupants of improved property and owners of vacant property, in front of which the sidewalks have been paved, to keep such sidewalks clean, and to do such sweeping and scraping as may be necessary to remove clay, dirt, and trash therefrom, and to render the same passable, comfortable, and sightly." There was no evidence that the defendant, or any servant or agent of the defendant, had actual knowledge of the presence of the melon rind on the sidewalk. The judge granted a nonsuit, and the plaintiff excepted. *Held:*

1. It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition; and if a defect has existed in a sidewalk for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby. Civil Code (1910), § 898; *Idlett* v. *Atlanta*, 123 *Ga.* 821 (51 S. E. 709); *Scearce* v. *Gainesville*, 33 *Ga. App.* 411 (126 S. E. 883).

2. "An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance abutting therein. In the latter event he is liable, not because he owns the abutting property,

but because he creates or maintains the thing from which injury results." *Georgia Ry. & El. Co.* v. *Tompkins*, 138 *Ga.* 596, 599 (75 S. E. 664); *Scearce* v. *Gainesville*, supra.

3. Where no liability is placed by law upon owners of property abutting streets and sidewalks on account of injury arising from their defective condition, not attributable to such an owner, but where such liability, in cases where any exists, rests upon the municipality, such municipality can not by ordinance evade its liability to third persons by shifting it directly upon the owners of abutting property; nor indirectly do so by requiring property owners to assume the duties incumbent upon it, and thus assume ultimate liability. Whatever, if any, obligation, fine, or penalty a property owner may incur to the city by reason of his failure to observe the terms of an ordinance seeking, under its general police powers, to impose upon him the duties and ultimate obligation resting by law upon the municipality itself, the property owner can not thus be made to incur the city's liability to third persons as imposed by law. Any duty which might thus be owing by the property owner is to the city, and any breach of such a duty does not constitute negligence per se or negligence as to such third persons. "Before negligence per se, or any other form of negligence, is actionable in a given case, it must appear that the broken duty was due the plaintiff personally or as a member of a class." *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159 (2 *b*) (60 S. E. 1068). See 43 C. J. 980, § 1762, § 1876 et seq. Where a legal duty exists in favor of third persons, a city may by ordinance regulate the matter of its performance, as, for example, the speed of trains through the city limits; but where, as here, no duty is owing by abutting property owners to third persons on account of a defective condition of the sidewalk against which the property abuts, unless, of course, the defect be brought about by such owner himself, the city can not by ordinance, under guise of police regulation, impose its own liability upon such property owner or create a liability on his part to third persons on account of acts other than his own. 43 C. J. 1104, § 1867.

4. Moreover, with respect to the instant case, even were the rule otherwise, the plaintiff could not recover. If the city ordinance be construed as meaning that the owner of any improved or vacant premises, of whatever character and size, within the limits of the City of Atlanta, becomes instantly liable for injuries to third persons on account of and from the moment any trash, banana peeling, ice, snow, or what not falls upon the abutting sidewalk, without fault or knowledge on the part of such owner, it would manifestly be a rule so harsh and unconscionable as would render such municipal ordinance unconstitutional and void as violative of the due-process clause of the constitution of the State of Georgia (art. 1, sec. 1, par. 3; Civil Code of 1910, § 6359). If, on the other hand, the ordinance should be construed as imposing upon the property owner a legal liability in favor of third persons of the same kind and character as that which the law imposes upon the city, as set forth in paragraph 1 of this syllabus, the defendant property owner would not be liable, since there is no allegation or proof that the defendant was responsible for or had actual knowledge of the presence of the canteloupe rind; and while the evidence indicates that it was out on

the sidewalk immediately in front of defendant's store, and had, in the opinion of the plaintiff, from its rotten condition and gray, sidewalk color, "been exposed all night," there is nothing whatever tending to indicate *where* it had been exposed during the night, or how long it had remained where it lay at the moment the accident occurred. The court did not err in granting a nonsuit.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 11, 1933.

*Waller A. Sims, Joseph E. Berman,* for plaintiff.
*M. E. Kilpatrick, Harold Hirsch, Marion Smith,* for defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*