13804

POPE v CAROLINA THEATER

(178 S. E., 305)

Before WHALEY, J., County Court, Richland, June, 1932.

*Mr. C. T. Graydon,* for appellant,

*Messrs. Herbert & Dial,* for respondent,

March 13, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The action which gave rise to this appeal was commenced in the County Court for Richland County, in June, 1932, and trial took place in November of that year.

The plaintiff claimed damages for personal injuries, alleging that on or about March 2, 1932, she attended a mov-

ing picture performance at the theater of the defendant; that she paid the regulation price for a ticket and that while witnessing the performance some unknown person released in the theater a stench bomb, the very sickening order from which caused her to be nauseated; that as she arose from her seat and started out from the theater "the rug, carpet or covering upon the floor had been allowed to become torn or humped up and the Plaintiff's heel caught thereon and threw her violently to the floor."

Various allegations of negligence and willfulness then followed as the basis for actual and punitive damages, such as allowing a person to enter the theater with a stench bomb and to open same in the theater; in allowing the covering on the floor to become uneven and thereby dangerous to persons walking thereon; in failing to inspect and repair the unsafe floor; and in allowing it to remain in the theater.

The answer of the defendant was, in effect, a general denial with allegations of contributory negligence.

At the conclusion of the testimony for the plaintiff, the defendant moved for nonsuit upon the ground that there was no proof of actionable negligence or willfulness to be submitted to the jury. The motion was granted and the plaintiff has appealed from the order of nonsuit.

A brief narrative of the testimony of the plaintiff, she being the only witness, is set forth in the first part of this opinion, her testimony following the allegations of the complaint up to the time and the cause of her alleged injury. The only time which may in any way refer to the allegations of willfulness and negligence set out in the complaint is that she did not know who opened or released the stench bomb; and as to her fall, she said:

"Just as I entered the aisle I caught that foot in the rug and of course that threw me forward."

The trial Judge permitted the plaintiff to give further testimony after the motion for nonsuit had been made and she testified as follows:

"Well, I got up to go out, of course, and I made a couple of steps to the entrance and as I entered the aisle I just seemed to trip myself under that rug. It seemed like the rug grabbed my shoe and over balanced me and I went over. That is all I can say. * * * I felt my foot caught but I certainly could not see. It is dark in there and of course when I had fallen I could not see it, but I knew I was thrown down by the rug.

"Q. What part of your foot did you feel caught? A. I felt the heel part of my shoe."

This additional testimony failed to convince the trial Judge that there was any testimony of actionable negligence or willfulness to go to the jury.

The ruling of the trial Judge on the motion for nonsuit was unquestionably correct. There was not the remotest testimony of any defect in the carpet, either that it was "humped up" or that there was a hole or worn place in it. There was no proof of a defect or dangerous place of which the defendant had notice or by reasonable investigation could have discovered. The unfortunate accident may have been caused by the high heeled shoes then worn by the plaintiff or by a protruding tack or nail. Any number of other possible causes for her fall may be surmised. Certainly what she proved was not sufficient to cast liability upon the defendant.

The appellant's attorney argues most earnestly that the defendant is an insurer of the safety of its patrons, and asks that this Court declare the law on that subject whether the appeal be sustained or not. He wants the same measure of liability applied to theaters as is applied to common carriers of passengers, that is, an insurer of their safety. If the same rule applied, which we will show does not, we fail to see wherein the plaintiff would be helped. Even in the case of a common carrier, the injury must be caused by some agency or instrumentality under the control of the carrier before liability as an insurer of the safety of passengers can arise or be presumed, while in the

present case the proof fails to show that the injury was caused by any fault of the defendant or by any agency or instrumentality under its control.

In 62 C. J., 866, we find the following declaration of law:

"2. Not Insurer. The Courts have uniformly held that the proprietor of a theatre or other place of public amusement is not an insurer of the safety of his patrons, and does not contract that there were no unknown defects not discoverable by the use of ordinary means."

The Court says in *Bradford v. Woolworth Co.,* 141 S. C., 453, 140 S. E., 105, 107:

"It occurs to me that the proper rule to be applied in this case is that laid down in *Thompson Co. v. Phillips,* 22 Colo. App., 428, 125 P., 563, cited by Mr. Justice Cothran, to the effect that a merchant who invites the public to his premises, is not an insurer of the safety of his patrons, and is therefore not liable for injuries caused by some defects in the premises, in the absence of any evidence tending to show that he or his agents knew or should have known, by the exercise of reasonable diligence, of the defect."

The appellant was an invitee and the above-cited principle of law is applicable. It cannot apply for the benefit of the appellant in this case for the reason that there is no evidence of defects, the absence of which negatives the duty of the defendant to discover them.

The numerous cases cited by the appellant have to do with injury to a servant and the liability of the master arising therefrom principally through failure to furnish a safe place in which to work. Not questioning the correctness of the law as expressed in those cases, we must deny their applicability to the present case.

All exceptions of the appellant have received careful consideration and, failing to discover error in sustaining the motion for a nonsuit, the order is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.