29797. MISCALLY *v.* COLONIAL STORES INC.

DECIDED JANUARY 6, 1943.

*Powell, Goldstein, Frazer & Murphy, Newell Edenfield,* for plaintiff. *Bryan, Carter & Ansley,* for defendant.

GARDNER, J. During the progress of the trial the plaintiff of-

fered to testify: "It was very dirty, and had the appearance of having been walked over, under foot." Counsel for the defendant objected to this testimony as calling for an opinion of the witness. The judge ruled: "She can describe its looks, but not give an opinion about it. I will exclude her opinion. Let her describe what it was. She can give a description of what it was." Thereafter the witness, as to this phase, testified: "It was more than a mashed leaf. It was mashed and it was very dirty. You could not tell whether it was green or what color it was." As we view the case, we can with propriety concede but need not decide whether the ruling was error. Such would make no material difference in the law which would apply under the facts of this case. Let us then consider the excluded testimony as a part of the evidence. There is no evidence to charge the defendant with actual knowledge of the presence of the vegetable leaf upon the floor. Therefore we must look to see whether the evidence was sufficient to charge the defendant with constructive knowledge. There is no question but what constructive knowledge may be based on inferences drawn from the evidence, but the question in this case is whether the inferences which the law requires to charge the defendant with actionable negligence may be legally established by the evidence in this case. The measure to be applied is that of circumstantial evidence. The rule is as follows: in civil cases dependent solely on circumstantial evidence, before a verdict is authorized for the plaintiff the testimony must be such as to reasonably establish the theory relied on and to preponderate to that theory rather than to any other reasonable hypothesis. In this case the inference must be based solely on the location and condition of the leaf itself, and on its appearance of having been walked over, under foot. This court dealt with a very similar situation in *Ellis* v. *Southern Grocery Stores Inc.*, 46 *Ga. App.* 254 (4) (167 S. E. 324), as follows: "If, on the other hand, the ordinance should be construed as imposing upon the property owner a legal liability in favor of third persons of the same kind and character as that which the law imposes upon the city, as set forth in paragraph 1 of this syllabus, the defendant property owner would not be liable, since there is no allegation or proof that the defendant was responsible for or had actual knowledge of the presence of the cantaloupe rind; and while the evidence indicates that

it was out on the sidewalk immediately in front of defendant's store, and had, in the opinion of the plaintiff, from its rotten condition and gray, sidewalk color, 'been exposed all night,' there is nothing whatever tending to indicate *where* it had been exposed during the night, or how long it had remained where it lay at the moment the accident occurred. The court did not err in granting a nonsuit." Again, in *Cook* v. *Kroger Baking & Grocery Co.,* 65 *Ga. App.* 141, 142 (15 S. E. 2d, 531), this court dealt with a kindred situation, and said: "The innocence of the person injured does not necessarily establish the negligence of the defendant. The defendant can not be liable unless he owed to the person injured a duty which he neglected. The ̊defendant is not an insurer. Here no active negligence, no structural defects, and no actual knowledge by the defendant that the carrot top was on the floor of the defendant's grocery store is alleged. The mere allegation 'petitioner says that he is informed and believes that the slick place on which his said wife slipped and fell was caused by a piece of carrot or carrot top, which had been dropped on the floor and crushed underfoot by customers coming up to said counter, and causing the floor to be slippery,' and the further allegation that 'in the exercise of ordinary care the said company should have had agents or servants to watch the floor in front of said counter and clean the same up in order to prevent it from becoming slippery or slick places being on the floor, and thus prevent customers from slipping on said floor and injuring themselves,' do not show that the carrot or carrot top had been on the floor a sufficient length of time (in fact no time was specified) to show that the defendant knew or ought to have known that the carrot or carrot top was on its floor, that is, that it had constructive knowledge thereof. No inference of constructive knowledge can be drawn from the length of time the carrot top was there, for no specific length of time is alleged. Nor are any other facts alleged that are sufficient to show that the defendant had any constructive knowledge that the carrot or carrot top was there."

Very recently, in *Brown* v. *S. H. Kress Co.,* 66 *Ga. App.* 242 (17 S. E. 2d, 758), this court, in dealing with a state of facts which we think reflects the principles involved in the instant case, held: "In the present case, in which suit was brought to recover damages for injuries sustained by the plaintiff when she slipped

and fell from stepping on a banana peeling on the defendant's stairway in its store, the evidence failed to show that the presence of the banana peeling was caused by the defendant or its agents or servants, or that it had been on the stairway a sufficient length of time to charge the defendant with constructive notice of its presence. Accordingly, the court did not err in awarding a non- suit. *Castleberry* v. *Fox,* 29 *Ga. App.* 35 (113 S. E. 110) ; *Ellis* v. *Southern Grocery Stores Inc.* [supra] ; *Cook* v. *Kroger Baking & Grocery Co.* [supra]." In the *Brown* case, this court quoted approvingly the cases of *Ellis* and *Cook,* supra. Other jurisdic- tions are divided as to whether a state of facts such as we have before us constitutes a question of negligence and diligence par- ticularly for the jury to determine rather than a question of law for the court to decide. However, the decisions of this court as above quoted preclude the right of the plaintiff to recover under the facts of the instant case. The plaintiff sought to prove her case solely by circumstantial evidence. The evidence does not measure up to the rule announced by this court in *Foster* v. *Jones,* 64 *Ga. App.* 66 (12 S. E. 2d, 141). Any customer could have dropped the leaf a few seconds or minutes before the plaintiff slipped on it; and the leaf could have "been walked over, under foot," by some other customer or customers, a few minutes before plaintiff fell. The evidence does not distinguish the leaf as being decayed or discolored. "You could not tell whether it was green. or what color it was." It could have been dirty from having been "walked over, under foot" by plaintiff or some one else shortly before plaintiff slipped. We think this evidence was insufficient to establish the fact that the leaf had been on the floor for a length of time sufficient to apprise the defendant of its presence and to raise a duty on its part to remove it.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*