H. L. GREEN COMPANY, Inc., Trading and Doing Business as Silver's, Appellant,

v.

Christine BOWEN, Appellee.

No. 6974.

United States Court of Appeals Fourth Circuit.

Argued May 25, 1955.

Decided June 13, 1955.

F. B. Grier, Jr., Columbia, S. C. (Nelson, Mullins & Grier, Columbia, S. C., on brief), for appellant.

Henry H. Edens, Columbia, S. C. (Henry Hammer, Columbia, S. C., and Hope, Willcox & Cabaniss, Charleston, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Christine Bowen (hereinafter called Bowen) instituted, in the United States District Court for the Eastern District of South Carolina, against H. L. Green Company, Inc. (trading and doing business as Silver's and hereinafter called Green), a civil action seeking damages for personal injuries alleged to have been received by Bowen, when she fell upon the floor of Green's store while a customer therein.

The case was tried before a District Judge, without a jury. At proper stages during the trial of the case, Green made motions for nonsuit and for a directed verdict, both of which were based on the ground that there was no proof of actionable negligence on the part of Green. At the conclusion of all the testimony, the Judge took the case under advisement and on January 24, 1955, issued an order granting judgment to the plaintiff for the sum of three thousand ($3,000.00) dollars, actual damages. After the rendition of the judgment, Green filed a motion requesting the Court to amend its findings under Rule 52(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In a short order, dated January 31, 1955, this motion was denied. Green has appealed to us.

Bowen, an elderly lady, well up in her seventies, visited defendant's store to make some purchases. She entered the store from the street leading into the grocery department and had walked only two or three yards down the aisle in front of the counter in the grocery department when her feet suddenly went out from under her and she fell to the floor. Bowen did not know what caused her to fall; but a witness for Bowen, Mrs. Riser, testified that when she entered the store a few minutes before Bowen she saw fresh popcorn on the floor near the spot where the plaintiff fell.

According to Mrs. Riser, when she entered the store on the day in question she noticed popcorn on the floor near the grocery counter and walked around it. She testified that she saw Bowen enter, and that Bowen walked only a very short distance when she suddenly fell to the floor. Mrs. Riser could not say definitely whether the popcorn caused Bowen to slip; but Mrs. Riser merely said that Bowen fell near the spot where Mrs. Riser saw popcorn when she entered the store. According to the testimony of Mrs. Riser, she and her husband were in defendant's store only about ten or twelve minutes at the outside and she testified time and time again that only a few minutes had elapsed from the time she first saw the popcorn on the floor until Mrs. Bowen entered the store and fell.

Mrs. Riser stated that the popcorn looked perfectly fresh, crisp and white, and had not been walked on, and looked as though it had just been dropped on the floor, and the floor was clean and looked as if it had just been swept. There was testimony that the defendant did not sell popcorn in its store at any time, but that there was a popcorn machine in front of McCrory's Store, which was next door.

It is well settled in South Carolina, (where this accident happened) and in other jurisdictions that a proprietor of a store is not an insurer of the safety of his customers; and is, therefore, not liable to a customer for injuries caused by some defect or unsafe condition in the premises in the absence of any evidence tending to show that the proprietor or his servants or agents knew, or should

have known by the exercise of reasonable diligence, of the defect or unsafe condition. Bradford v. F. W. Woolworth Co., 141 S.C. 453, 140 S.E. 105; Pope v. Carolina Theater, 172 S.C. 161, 173 S.E. 305; Perry v. Carolina Theatre, 180 S.C. 130, 185 S.E. 184; Anderson v. Belk-Robinson Co., 192 S.C. 132, 5 S.E.2d 732; Bagwell v. McLellan Stores Co., 216 S.C. 207, 57 S.E.2d 257. See, also, Miscally v. Colonial Stores, Inc., 68 Ga.App. 729, 23 S.E.2d 860; Norton v. Hudner, 213 Mass. 257, 100 N.E. 546, 44 L.R.A.,N.S., 79; 100 A.L.R. 746; 162 A.L.R. 955, 979.

There is not a shred of evidence in the record that Green, or any of its employees, servants or agents, had any *actual knowledge* of the presence of the popcorn on the floor. In this case, Bowen can recover only upon a showing that the popcorn had been on the floor long enough to charge Green with *constructive notice* of its presence.

The only evidence on this point was given by Mrs. Riser. She stated that she saw the popcorn on the floor only a few minutes before Bowen entered the store and fell; that the popcorn looked fresh, crisp and white; that the popcorn appeared not to have been walked on, seemed to have been just dropped on the floor and that the floor around the popcorn was clean and had the semblance of having been very recently swept. No popcorn was sold in Green's store.

We know of no case which has held the storekeeper liable upon so slender a showing as is here involved. We think the finding of the District Judge of negligence on the part of Green, based on a theory of *constructive notice* to Green, is clearly erroneous and must be reversed. We cannot attribute *constructive notice* of the presence of this popcorn to Green on evidence proving merely that the popcorn had been there a very few minutes.

In Miscally v. Colonial Stores, Inc., 68 Ga.App. 729, 23 S.E.2d 860, it was said:

"In action for injuries to patron slipping on vegetable leaf in store, evidence that leaf could have 'been walked over, under foot' by some other customer a few minutes before patron fell was insufficient for jury on issue whether leaf had been on floor long enough to apprise owner of presence and to raise duty to remove it."

See, to the same effect, Norton v. Hudner, 213 Mass. 257, 100 N.E. 546, 44 L.R. A.,N.S., 79.

In the following cases, the storekeeper was held not to be liable: Varner v. Kroger Grocery & Baking Co., Mo.App., 75 S.W.2d 585, 587 ("banana was on the floor for only fifteen minutes"); Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.2d 561 (basket in aisle for 20 to 30 minutes); Shea v. First National Stores, 63 R.I. 85, 7 A.2d 196 (grapes on floor for 3 or 4 minutes). See, also, Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786; Mathis v. H. S. Kress Co., 38 Wash.2d 845, 232 P.2d 921; Macauley v. Barr & Lane, 264 App.Div. 741, 34 N.Y.S.2d 429.

There is no merit in Bowen's contention that the judgment below must be affirmed because two persons in the employ of Green at the time of the accident to Bowen were not called by Green as witnesses. Since, as we have held, Bowen utterly failed to make out a prima facie case of negligence on the part of Green, Green was under no legal duty to offer any evidence at all. Incidentally, this case was not tried until nearly three and a half years after the occurrence of the accident.

In Momeier v. Koebig, 220 S.C. 124, 66 S.E.2d 465, 468, Chief Justice Baker said:

"Respondent emphasizes in his argument the doctrine in this state that the failure of a defendant to produce a material witness justifies the inference that such witness' testimony would have been unfavorable to the defendant. But this line of cases is inapplicable to the situation here because plaintiff-respondent's evidence established no burden of proof or duty to go forward with

**526**

evidence on the part of the defendant-appellant."

For the reasons stated, the judgment of the District Court is reversed and the case is remanded to that court with instructions to enter judgment in favor of the defendant, H. L. Green Company, Inc.

Reversed.