35782.  DUREN *v.* CITY OF THOMASVILLE *et al.*

DECIDED SEPTEMBER 13, 1955—REHEARING DENIED OCTOBER 6, 1955.

*Titus, Altman & Johnson,* for plaintiff in error.

*Alexander, Vann & Lilly, Cain & Smith,* contra.

NICHOLS, J. The parties in this case base their argument primarily on two decisions of the court. The defendants contend that the case is directly in point with the decision in *City of East Point* v. *Mason,* and *Crowe* v. *Mason,* 86 *Ga. App.* 832 (72 S. E.

2d 787), while the plaintiff contends that the decision in *Mason v. Crowe,* 88 *Ga. App.* 191 (76 S. E. 2d 432), is controlling. In the first case above cited, this court held that no cause of action was set forth against either the city or the property owner on the theory that the petition showed the gravel or sand was carried onto the sidewalk by natural causes, and not by the negligence of either of the defendants, and further that the petition did not show that the defendants were guilty of any act of omission. In the other decision above cited, the allegations were somewhat different, and the petition alleged that the property owner was negligent in that his trucks carried some of the gravel or rocks onto the sidewalk, and that the property owner and the city were negligent in not taking some action after they had knowledge of the fact that gravel was accumulating on the concrete sidewalk.

The defendants contend that as a matter of law the petition shows that the plaintiff was guilty of such contributory negligence as to be precluded from any recovery, since the petition shows that it was 10:30 a. m. when she fell and was injured, and the petition does not show any reason why she could not have seen the "small, loose rocks" on the sidewalk. The petition shows, in addition to the above, that the rocks on which the plaintiff stepped and then fell were approximately the same color as the sidewalk and not readily perceptible to the plaintiff, and that she was exercising ordinary care at the time she fell. "Questions as to diligence and negligence, including contributory negligence and what constitutes the proximate cause of an injury complained of, are peculiarly questions for the jury, and this court will not solve them on general demurrer unless they appear palpably clear." *Mason v. Frankel,* 49 *Ga. App.* 145 (2) (174 S. E. 546). Therefore, the defendants' argument that the trial court's judgment sustaining the general demurrers to the petition should be affirmed on this ground is without merit, since it is not palpably clear that negligence on the part of the plaintiff was the proximate cause of the injury complained of.

The petition alleged that the "rocks" on the sidewalk created a hazardous condition, and, "even a minor defect causing an injury is sufficient to authorize a submission to a jury of the question of whether or not a defendant municipality was negligent in permitting it to remain." *Mason v. Crowe, supra,* p. 194. Actual

knowledge on the part of the city is not necessary. "It is the duty of a municipal corporation to keep its streets and sidewalks in a reasonably safe condition; and if a defect has existed in a sidewalk for such a length of time that by reasonable diligence in the performance of their duties the defect ought to have been known by the proper authorities, notice will be presumed, and proof of actual knowledge will not be necessary in order to render the municipality liable for injuries occasioned thereby." *Ellis* v. *Southern Grocery Stores*, 46 *Ga. App.* 254 (1) (167 S. E. 324), and cases cited. "It is a jury question as to what length of time a defect or dangerous condition must exist in a sidewalk or street to charge a municipality with knowledge of negligence." *City of Dalton* v. *Joyce*, 70 *Ga. App.* 557, 561 (29 S. E. 2d 112), and cases cited. Accordingly, the petition set forth a cause of action against the defendant City of Thomasville.

"An owner of property abutting upon a street or highway is not, by virtue of being such owner, liable for defects in the street or highway. But this rule has no application where the owner of abutting property creates a defect in a street or highway or a nuisance abutting therein. In the latter event he is liable, not because he owns the abutting property, but because he creates or maintains the thing from which injury results." *Ellis* v. *Southern Grocery Stores*, 46 *Ga. App.* 255, supra, headnote 2. In the present case, it is alleged that the defendants trading as the Sing-Wilkes Service Station placed on the property abutting on the sidewalk where the plaintiff was injured small, loose rocks or pebbles, which were carried onto the sidewalk by the automobiles of customers trading with these defendants and by their own trucks. Accordingly, it must be said, construing the petition on general demurrer, that the owners of the property abutting on the sidewalk created the hazard referred to in the petition. *Mason* v. *Crowe*, supra. The petition set forth a cause of action against the defendants, and the trial court erred in sustaining the general demurrers thereto.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*