36313.  PALEFSKY *v*. MAYOR &c. OF SAVANNAH.

DECIDED OCTOBER 11, 1956—REHEARING DENIED NOVEMBER 20, 1956.

598

*Rogers, Zeigler, Terry & Coolidge, Lewis, Wylly & Javetz,* for plaintiff in error.

*Edwin Maner, Jr.,* contra.

NICHOLS, J. 1. The motion made by the defendant in error to dismiss the writ of error is without merit and is overruled. *City of East Point* v. *Christian,* 40 *Ga. App.* 633 (3) (151 S. E. 42), and cases cited.

2. In the fourth special ground of the motion for new trial the plaintiff excepts to the following excerpt of the charge: "The public would not be expected to walk on grass plats as much as on the sidewalk." The plaintiff's contention is that such charge was argumentative and improper and that it indicated to the jury that the plaintiff had no right to walk upon the grass plat.

The plaintiff's argument is without merit because, rather than intimating that the plaintiff was without authority to cross the grass plat, it states in effect that although a sidewalk is more often used for pedestrian traffic, the plaintiff and others do use, and are expected to use, the grass plats between the paved portion of the sidewalk and curb on occasion. See *City of Atlanta* v. *Hawkins,* 45 *Ga. App.* 847, 851 (166 S. E. 262).

3. In the seventh special ground the plaintiff assigns error on the following excerpt of the charge: "Defendant further says that the act of negligence, if any, was a governmental function over which the mayor and aldermen are not responsible."

As counsel for the plaintiff says in his brief, this issue was removed from the case on its previous appearance before this court, and was no longer in the case, however, later in the charge the jury was instructed, "I charge you that the responsibility on the municipality is to keep and maintain its sidewalks in a reasonably safe condition for travel." . . and . . . "I charge you that where in a right-of-way for a city street, there is a strip of land which is, with knowledge on the part of the City, used by pedestrians as a pathway, the strip of land is dedicated to public use as a pathway for pedestrians, and the city is under a duty, when creating and maintaining any condition in the pathway, to exercise due care for the safety of pedestrians using the pathway."

The jury was also instructed later in the charge to disregard the instructions complained of and the court read to the jury a part of the opinion of this court when the case was before it on demurrer which stated that the City of Savannah was not relieved of its responsibility to keep its streets and sidewalks in a reasonably safe condition.

While it is true that "when instructions not authorized by the pleadings are given it is to be presumed that the complaining party was injured," (*A. C. L. R. Co.* v. *Strickland,* 87 *Ga. App.* 596, 615, 74 S. E. 2d 897), on the contrary it is also true, that, "When the court in its charge to the jury has committed error in some portion thereof, the withdrawal of the erroneous part and, after calling the jury's attention thereto and stating to them distinctly and unequivocally that such portion of the charge is withdrawn, giving them the correct rule upon the issue covered by the erroneous charge, cures the error." *Central of Ga. Ry. Co.* v. *Ray,* 133 *Ga.* 126 (1) (65 S. E. 281) ; *Snellings* v. *Rickey,* 57 *Ga. App.* 836, 837 (197 S. E. 44). Therefore, in the present case where the excerpt of the charge complained of was withdrawn and the jury was correctly charged, this special ground of the motion for new trial is without merit.

4.  The last special ground of the motion for new trial assigns error on an excerpt from the charge which stated that the plaintiff could not recover unless the negligence of the city was the sole proximate cause of the injury, and if another proximate cause concurred therewith the plaintiff could not recover. In the motion for new trial error is assigned because the charge was misleading and confusing, and indicated an opinion of the court that there might be more than one proximate cause of the injury.

In the brief of the plaintiff in error it is argued that the excerpt complained of was error because it stated that the plaintiff's right of action was statutory and not one of inherent right, and although this argument cannot be considered because not raised in the motion for new trial, the ground as raised by the motion for new trial, although not argued, was insisted upon and was not abandoned.

In *McMahen* v. *N. C. & St. L. Ry. Co.,* 68 *Ga. App.* 397, 407 (23 S. E. 2d 81), Judge Sutton quoted from *Corley* v. *Cobb County,* 21 *Ga. App.* 219, 223 (93 S. E. 1015), where the language

complained of was quoted from the case of Ehleiter *v.* City of Milwaukee, 121 Wis. 85 (98 N. W. 934), but in neither of the Georgia cases cited above was the decision based on this quotation. On the contrary, in Georgia a city may be sued jointly with an individual or a corporation as a joint tortfeasor. See *Duren* v. *City of Thomasville,* 92 *Ga. App.* 706 (89 S. E. 2d 840). See also in this connection, *Western & A. R.* v. *City of Atlanta,* 74 *Ga.* 774; *Schneider* v. *City Council of Augusta,* 118 *Ga.* 610 (45 S. E. 459) ; *Barrett* v. *Mayor &c. of Savannah,* 9 *Ga. App.* 642 (72 S. E. 49). Accordingly, the excerpt from the charge complained of, which stated in effect that the negligence of the defendant must be the *sole* proximate cause of the plaintiff's injuries in order for her to recover was erroneous and harmful to the plaintiff.

5. The remaining grounds of the amended motion for new trial complain of alleged errors which are not likely to occur on another trial of the case, and will not be considered. Inasmuch as the verdict for the defendants was not demanded as a matter of law the judgment of the trial court denying the plaintiff's amended motion for new trial must be reversed.

*Judgment reversed. Felton, C. J., concurs. Quillian, J., concurs specially.*

QUILLIAN, J. I concur specially in the judgment for I do not agree with the holding in the second division of the opinion.