17366

MATTIE LEE HUNTER, Respondent, v. DIXIE HOME STORES, Appellant

(101 S. E. (2d) 262)

140

*Messrs. Royall & Wright* and *C. Dexter Powers,* of Florence, *for Appellant,*

*George W. Keels, Esq.,* of Florence, *for Respondent,*

December 11, 1957.

Moss, Justice.

This is an action by Mattie Lee Hunter, the respondent herein, to recover damages for personal injuries sustained as a result of falling on the floor of a self service store operated by the appellant, Dixie Home Stores. The trial resulted in a verdict for the respondent for actual and punitive damages. This appeal can be disposed of by determining whether or not there was sufficient evidence of negligence on the part of the appellant to require submission of the case to the jury. It should be stated that at appropriate stages of the trial the appellant made motions for nonsuit, directed verdict, judgment *non obstante veredicto,* and alternatively for a new trial.

The complaint charged the appellant with negligent, careless, reckless and wanton conduct in failing to properly inspect the floor of its store and to remove therefrom debris that would cause the respondent to fall; in failing to place some warning where debris was likely to be; in failing to provide proper receptacles for fresh vegetables and produce, thereby avoiding overstacking of same and preventing debris from falling to the floor, and in failing to provide an attendant at the location of the fresh vegetable counter to supervise the handling of such and to avoid debris falling to the floor. The appellant denied the allegations of the complaint and, on the contrary, alleged that the respondent was guilty of sole and contributory negligence, carelessness, willfullness and wantonness.

It appears that on December 6, 1954 the respondent entered the store of the appellant in Florence, South Carolina, for the purpose of purchasing a pound of butter. It appears also that the vegetable bin was between the place where the butter was on display and the point where the respondent entered the store. The respondent testified that as she walked along the aisle near the vegetable bin, that she stepped on some green beans, causing her to fall and injure her left leg.

The respondent testified that when she entered the store of the appellant she saw a Mrs. Wiggins who was cashier for the appellant. She was standing near the cash register. We quote from the testimony of the respondent as follows:

"Q. When you saw Mrs. Wiggins, who was an employee of the Dixie Home, will you tell the jury which direction she was facing as you went into the store with reference to the position and place where you fell? A. She had her back to me, as I came in and facing down the aisle.

"Q. Which aisle? A. The aisle I fell in.

"Q. When you passed there, was she still facing that direction? A. She was.

"Q. Tell the jury how far it was beyond where she was standing looking in the direction you were walking, that you fell? A. Ten or twelve feet.

"Q. As you passed her while she was looking in the direction you described, did she warn you of any debris or beans that were scattered on the floor by the bin? A. No."

The respondent also testified that as she was walking down the aisle she saw another employee of the appellant working about 25 to 30 feet from where she fell.

We quote again from the testimony of the respondent as to what caused her to fall:

"Q. As you walked on, will you describe to the jury what happened to you and what caused you to fall? A. I stepped on some green beans, and this foot went backwards, and this one went out that way (indicating)."

"Q. You speak of green beans, did you see them on the floor? A. Not until after I fell.

"Q. Did you see the one your foot had crushed? A. Yes."

The evidence in behalf of the respondent does not show that the appellant, through its agents, had any actual knowledge that beans were in the aisle where she was walking. There is no evidence tending to show how the beans got on the floor or how long they had been there before the respondent stepped on them and slipped.

In the case of *Bagwell v. McLellan Stores Co.,* 216 S. C. 207, 57 S. E. (2d) 257, 260, this Court said:

"The principles governing liability in a case of this kind are very simple and well settled. One who operates a mercantile establishment is not an insurer of the safety of those who enter his store but he does owe them the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition. *Bradford v. F. W. Woolworth Co.,* 141 S. C. 453, 140 S. E. 105; *Pope v. Carolina Theater,* 172 S. C. 161, 173 S. E. 305; *Perry v. Carolina Theater,* 180 S. C. 130, 185 S. E. 184; *Anderson v. Belk-Robinson Co.,* 192 S. C. 132, 5 S. E. (2d) 732; 38 Am. Jur., page 791. Our inquiry is whether there is any evidence from which a violation of this duty may be reasonably inferred."

In the case of *Anderson v. Belk-Robinson Co.,* 192 S. C. 132, 5 S. E. (2d) 732, 733, this Court announced the following rule:

"In *Bradford v. F. W. Woolworth Co.,* 141 S. C. 453, 140 S. E. 105, we laid down the rule, deduced from the weight of authority, that a merchant who invites the public to his premises is not an insurer of the safety of his patrons, and is therefore not liable for injuries caused by some defect in the premises, in the absence of any evidence tending to show that he or his agents knew or should have known, by the exercise of reasonable diligence, of the defect.

This principle was re-affirmed in *Pope v. Carolina Theater,* 172 S. C. 161, 173 S. E. 305; *Perry v. Carolina Theater,* 180 S. C. 130, 185 S. E. 184."

It is elementary that in order for a plaintiff to recover damages there must be proof not only of injury, but also that it was caused by the actionable negligence of the defendant. It should also be kept in mind that the doctrine of *res ipsa loquitur* does not apply in this State. *Perry v. Carolina Theater,* 180 S. C. 130, 185 S. E. 184.

It is well settled in passing upon a nonsuit, directed verdict or judgment *non obstante veredicto,* that the testimony and all inferences therefrom must be taken most strongly against the defendant, and considered in the light most favorable to the plaintiff; and if there is any testimony tending to prove any one or more of the specifications of negligence, the motions should be refused. *Mullinax v. Great Atlantic & Pacific Tea Co.,* 221 S. C. 433, 70 S. E. (2d) 911.

The evidence in this case, as is heretofore stated, does not show that the appellant had any actual knowledge that the beans were in the aisle where the respondent was walking. The evidence does not show what time of day her injury occurred, nor whether other customers had previously been in the store and used the aisle where the respondent was walking. There is an absence of any evidence showing how the beans got on the floor or how long they had been there before the respondent stepped on them and fell, nor is there any evidence that the beans had been walked upon by any other customer.

The burden in this case was upon the respondent to show that the beans were on the floor by an act of the appellant or that they had been there for such a time as to charge the appellant with notice thereof. In our opinion the evidence falls short of making this showing.

In the case of *Fox v. Great Atlantic & Pacific Tea Company,* 209 N. C. 115, 182 S. E. 662, 663, it appears that the

plaintiff went to the store of the defendant for the purpose of making a purchase, and when she got inside she stepped on a beet which was lying on the floor between the bins where vegetables were placed for display and sale, which caused her to slip and injure her ankle and back. There was no evidence to show how the beet got on the floor between the bins or how long it had been there before the plaintiff stepped on it and slipped. A nonsuit was granted, and upon appeal to the Supreme Court of North Carolina, it was said:

"Since there is no evidence of how the beet got upon the floor of the aisle, or of how long the beet had been upon the floor before the plaintiff stepped on it, there is no evidence of negligence on the part of the defendant. The defendant is not an insurer of the safety of those who enter its store for the purpose of making purchases, and the doctrine of *res ipsa loquitur* is not applicable. Before the plaintiff can recover, she must, by evidence, establish actionable negligence on the part of the defendant, *Bowden v. S. H. Kress & Co.*, 198 N. C. 559, 152 S. E. 625; *Cooke v. Great Atlantic & Pacific Tea Co.*, 204 N. C. 495, 168 S. E. 679, and this she has failed to do."

In the case of *Kroger Grocery & Baking Co. v. Spillman,* 279 Ky. 366, 130 S. W. (2d) 786, a verdict for the plaintiff was reversed where the evidence shows that the customer had fallen in the grocery store of the defendant when she slipped on grapes lying on the floor. The Court pointed out that there was no evidence as to how long the grapes had been on the floor, nor as to who had put them there, and said that the shopkeeper was not, as a general rule, bound to anticipate an independent act of negligence by a third party in placing such objects on the floor, and that the fact that two or more of the employees of the shopkeeper were working within a few feet of the place where the plaintiff fell, did not establish negligence in their failure to discover the condition, in the absence of proof as to how long it had existed.

In *Morris v. King Cole Stores, Inc.,* 132 Conn. 489, 45 A. (2d) 710, where plaintiff slipped on crushed strawberries

on the floor of the defendant's store, the Court apparently assumed that if the strawberries were knocked down by other customers, defendant would not be liable unless it had been negligent in failing to correct the condition within a reasonable time.

It has been held in numerous cases in other States, that in order for a customer to recover damages for injuries sustained by falling on some vegetable matter in an aisle, there must be proof that the storekeeper had actual knowledge of the presence of debris upon the floor, or that it had been on the floor long enough to charge the storekeeper with constructive notice of its presence. *F. W. Woolworth Co. v. Ney,* 239 Ala. 233, 194 So. 667; *Kroger Grocery & Baking Co. v. Dempsey,* 201 Ark. 71, 143 S. W. (2d) 564; *Bosler v. Steiden Stores,* 297 Ky. 17, 178 S. W. (2d) 839; *Jakel v. Brockelman Bros.,* 91 N. H. 453, 21 A. (2d) 155; *Coyne v. Mutual Grocery Co.,* 116 N. J. L. 36, 181 A. 314; *Brown v. S. H. Kress Co.,* 66 Ga. App. 242, 17 S. E. (2d) 758.

In the recent case of *H. L. Green Co., Inc., v. Bowen,* 223 F. (2d) 523, 524, the Fourth Circuit Court of Appeals, in reversing a judgment in favor of the plaintiff, who slipped and fell in an aisle of the defendant's store, said:

"It is well settled in South Carolina (where this accident happened), and in other jurisdictions that a proprietor of a store is not an insurer of the safety of his customers; and is, therefore, not liable to a customer for injuries caused by some defect or unsafe condition in the premises in the absence of any evidence tending to show that the proprietor or his servants or agents knew, or should have known by the exercise of reasonable diligence, of the defect or unsafe condition. *Bradford v. F. W. Woolworth Co.,* 141 S. C. 453, 140 S. E. 105; *Pope v. Carolina Theater,* 172 S. C. 161, 173 S. E. 305; *Perry v. Carolina Theater,* 180 S. C. 130, 185 S. E. 184; *Anderson v. Belk-Robinson Co.,* 192 S. C. 132, 5 S. E. (2d) 732; *Bagwell v. McLellan Store Co.,* 216 S. C. 207, 57 S. E. (2d) 257. See, also, *Miscally v. Colonial*

*Stores, Inc.,* 68 Ga. App. 729, 23 S. E. (2d) 860; *Norton v. Hudner,* 213 Mass. 257, 100 N. E. 546, 44 L. R. A., N. S., 79; 100 A. L. R. 746; 162 A. L. R. 955, 979.

"There is not a shred of evidence in the record that Green, or any of its employees, servants or agents, had any actual knowledge of the presence of the popcorn on the floor. In this case, Bowen can recover only upon a showing that the popcorn had been on the floor long enough to charge Green with constructive notice of its presence.

"The only evidence on this point was given by Mrs. Riser. She stated that she saw the popcorn on the floor only a few minutes before Bowen entered the store and fell; that the popcorn looked fresh, crisp and white; that the popcorn appeared not to have been walked on, seemed to have been just dropped on the floor and that the floor around the popcorn was clean and had the semblance of having been very recently swept. No popcorn was sold in Green's store.

"We know of no case which has held the storekeeper liable upon so slender a showing as is here involved. We think the finding of the District Judge of negligence on the part of Green, based on a theory of constructive notice to Green, is clearly erroneous and must be reversed. We cannot attribute constructive notice of the presence of this popcorn to Green on evidence proving merely that the popcorn had been there a very few minutes.

"In *Miscally v. Colonial Stores, Inc.,* 68 Ga. App. 729, 23 S. E. (2d) 860, it was said:

" 'In action for injuries to patron slipping on vegetable leaf in store, evidence that leaf could have "been walked over, under foot" by some other customer a few minutes before patron fell was insufficient for jury on issue whether leaf had been on floor long enough to apprise owner of presence and to raise duty to remove it.' "

We conclude, after giving the respondent the benefit of every reasonable inference to be drawn from the testimony, that she failed to prove that the appellant was guilty of any

acts of negligence which would warrant the submission of this case to the jury.

The judgment appealed from is reversed and the case remanded for entry of judgment in favor of the appellant.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.