Thomas F. MULLEN, Jr., Appellant,

v.

WINN–DIXIE STORES, Inc.,
Appellee.

No. 7554.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 14, 1958.

Decided Feb. 15, 1958.

J. G. Leatherwood and W. E. Bowen, Greenville, S. C. (C. Victor Pyle, Greenville, S. C., on brief), for appellant.

Robert F. Plaxco, Jr., and W. H. Arnold, Greenville, S. C. (Love, Thornton & Arnold, Greenville, S. C., on brief), for appellee.

Before SOPER, SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

In this action for personal injury, judgment for the defendant *non obstante veredicto* was entered after a verdict for the plaintiff. This appeal followed.

While shopping in one of the defendant's grocery stores in Greenville, South Carolina, the plaintiff slipped and fell. No one could state the cause of the fall, but the plaintiff and his companions observed a few mashed grapes, still on their stems, and two or three folded paper bags on the floor at the approximate place of his fall. The area was adjacent to counters upon which oranges and grapes were displayed. There was testimony that the grapes were piled to a depth of twelve to eighteen inches, but nothing to warrant a finding that any of them had been overhanging the retaining rail, which was six to eight inches in height, or that the displayed grapes were not in a state of complete repose.

Whether the grapes or the paper bags had been on the floor for any appreciable length of time is not established. It is not contended that any employee of the defendant had actual notice of the presence of either.

We are governed here by the laws of South Carolina. In that state, it is well settled that a storekeeper is not an insurer of the safety of his customers. He is, of course, responsible for the consequences of conditions arising from his own negligence, and, provided he has actual or constructive notice of an unsafe condition and a reasonable opportunity to correct it, of conditions created by others. The burden of proving each element of the cause of action is cast upon the licensee. The application of the rule is conclusively illustrated by a case only recently decided by the Supreme Court of South Carolina. Hunter v. Dixie Home Stores, S.C., 101 S.E.2d 262.

In the Hunter case it was contended that the customer slipped upon beans in an area adjacent to a counter upon which beans had been piled high above the retaining rail. The Supreme Court of South Carolina reversed a judgment for the plaintiff and ordered the entry of judgment for the defendant. Though we ignore the uncertainty that the plaintiff here slipped upon grapes, rather than upon a paper bag or for some other cause, there is no logical distinction between this case and the very recent decision of the Supreme Court of South Carolina. In neither case was it shown that the depth of the displayed wares caused them to overhang, or fall over, the retaining rail. In both, the testimony bearing upon constructive notice was entirely comparable. Here, in accord with the decision of the Supreme Court of South Carolina, we must conclude that judgment for the defendant *non obstante veredicto* was properly granted. See, also, Bagwell v. McLellan Stores Co., 216 S.C. 207, 57 S.E.2d 257; Anderson v. Belk-Robinson Co., 192 S.C. 132, 5 S.E.2d 732; Perry v. Carolina Theater, 180 S.C. 130, 185 S.E. 184;

Pope v. Carolina Theater, 172 S.C. 161, 173 S.E. 305; Bradford v. F. W. Woolworth Co., 141 S.C. 453, 140 S.E. 105; H. L. Green Company, Inc., v. Bowen, 4 Cir., 223 F.2d 523; Kroger Grocery & Baking Co. v. Spillman, 279 Ky. 366, 130 S.W.2d 786; Fox v. Great Atlantic & Pacific Tea Company, 209 N.C. 115, 182 S.E. 662.

Affirmed.