Willard JOYE, Appellee,

v.

The GREAT ATLANTIC AND PACIFIC
TEA COMPANY, Appellant.

No. 12442.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 29, 1968.

Decided Dec. 26, 1968.

Douglas McKay, Jr., Columbia, S. C. (McKay, McKay, Black & Walker, Columbia, S. C., on the brief), for appellant.

W. Shell Suber, Jr., Columbia, S. C. (Rion & Britt, Columbia, S. C., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge, and HUTCHESON, District Judge.

CRAVEN, Circuit Judge:

█ Willard Joye slipped and fell on a banana in defendant's A & P supermarket. In his diversity suit in the district court the jury returned a verdict for him in the amount of $10,000 and defendant appeals. We reverse because we are unable to find in the record sufficient evidence [1] to present a jury issue as to constructive notice to defendant of a dangerous condition. Without such notice, in the context of the case, and under South Carolina law which we must apply, the district court should have granted defendant's Rule 50(b) motion for judgment n. o. v.

Joye came to defendant's supermarket in Winnsboro, South Carolina, late on a

1. Where there is a difference we apply the federal rather than state standard as to sufficiency of evidence to go to the jury. Wratchford v. S. J. Groves & Sons Co., 405 F.2d 1061 (4th Cir., 1969).

Friday afternoon in March of 1966 to buy some oysters. After passing the banana display near the front of the store, he proceeded down a side aisle past the produce counters and frozen juice counters. As he turned left at the back of the store in front of the meat counters, he stepped on a banana or a peeled banana, fell, and injured his back.

There was no evidence that the A & P (1) put the banana on the floor or (2) had actual notice of its presence. Thus plaintiff's case turns on the sufficiency of the evidence to establish constructive notice. Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1957).

Plaintiff offered no direct evidence below as to how long the banana had been in the floor before the accident. The circumstantial evidence taken most favorably to the plaintiff shows that the floor may not have been swept for as long as 35 minutes. No one saw the banana until *after* Joye fell on it. It was then described as dark brown in color, having dirt and sand on it. There was dirt on the floor near the banana, and the banana was sticky around the edges. From this evidence we think the jury could not tell whether the banana had been on defendant's floor for 30 seconds or 3 days.

■■ The South Carolina law is well settled that a storekeeper is not an insurer of his customers' safety but owes them a duty of ordinary care in keeping the aisles and passageways in a reasonably safe condition. Baker v. Clark, 233 S.C. 20, 103 S.E.2d 395 (1958); Mullinax v. Great Atlantic & Pacific Tea Co., 221 S.C. 443, 70 S.E.2d 911 (1952); Bagwell v. McLellan Stores Co., 216 S.C. 207, 57 S.E.2d 257 (1949). In order for plaintiff to recover, the burden was upon him to show that the banana had been on the floor long enough to charge A & P with constructive notice of its presence. Hunter v. Dixie Home Stores, 232 S.C. 139, 101 S.E.2d 262 (1957).

In the *Hunter* case the South Carolina Supreme Court reversed a judgment for the plaintiff and ordered entry of judg-ment for the defendant where there was no evidence tending to show how beans on which plaintiff allegedly fell got on the floor or how long they had been there before the fall. The South Carolina court held that plaintiff had not carried the burden of showing that the beans had been there long enough to charge defendant with notice of their presence. Hunter v. Dixie Home Stores, supra.

■ Plaintiff in his brief cites Anderson v. Belk-Robinson Co., 192 S.C. 132, 5 S.E.2d 732 (1939), and quotes the reporter's headnote for the proposition that whether the storeowner should have known by the exercise of reasonable diligence that there was a hazardous condition existing in his floor was a question for the jury. Of course it is—provided there is sufficient evidence for submission to the jury, i. e., the minimal proof necessary to make of it an issue upon which reasonable men might differ. In *Anderson*, the plaintiff's fall was caused by a slippery accumulation of a sweeping compound used by the defendant store, and there was evidence from which a jury could conclude that it was put on the floor by the defendant as long as a *week* before the fall. In the instant case plaintiff's evidence viewed most favorably to him does not suggest, we think, duration of the dangerous condition.

In H. L. Green Co., Inc. v. Bowen, 223 F.2d 523 (4th Cir. 1955), this court reversed the judgment of the district court and ordered that judgment be entered for defendant. There the plaintiff had slipped and fallen on popcorn in the floor of defendant's grocery store. The popcorn had been seen by a witness just before the fall. We held that under South Carolina law constructive notice was not established by merely proving that the popcorn had been there a very few minutes. And in Mullen v. Winn-Dixie Stores, Inc., 252 F.2d 232 (4th Cir. 1958), plaintiff's fall was allegedly caused by grapes in the floor of defendant's grocery store. It was not established that the grapes had been on the floor for any appreciable length of time, and we concluded that the

judgment for the defendant *non obstante veredicto* was properly granted by the district court.

█ Because it cannot be determined from the evidence how long (even the broadest range of approximation) the banana may have been on the floor, we reverse the judgment of the district court and remand to that court with instructions to enter judgment in favor of the defendant, The Great Atlantic & Pacific Tea Company.

Reversed.