**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DEBRA J. GUPTON,

   *Plaintiff-Appellant,*

v.

FOOD LION, INCORPORATED,

   *Defendant-Appellee.*

$\left.\right\}$ No. 99-1779

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CA-98-244-2-11)

Argued: June 7, 2001

Decided: July 2, 2001

Before NIEMEYER and TRAXLER, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Constance Alexandra Anastopoulo, ANASTOPOULO &
ANASTOPOULO, Charleston, South Carolina, for Appellant. Stephen Lynwood Brown, YOUNG, CLEMENT, RIVERS & TISDALE,
L.L.P., Charleston, South Carolina, for Appellee. **ON BRIEF:** Stephen P. Groves, Sr., Randell C. Stoney, Jr., YOUNG, CLEMENT,

RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Debra J. Gupton appeals the district court's order granting summary judgment in favor of Food Lion, Incorporated, in this slip-and-fall diversity suit based on South Carolina law. *See Bessinger v. Bi-Lo, Inc.*, 496 S.E.2d 33, 34 (S.C. Ct. App. 1998). She alleged that she sustained injuries when she slipped and fell on two warm grapes that were on the floor of a Food Lion store in Charleston, South Carolina. On Food Lion's motion, the district court found that Gupton had failed to create a genuine issue of material fact as to whether Food Lion had either actual or constructive notice of the grapes' presence on the floor but nonetheless failed to remove them. *See id.*; *Gillespie v. Wal-Mart Stores, Inc.*, 394 S.E.2d 24, 24 (S.C. Ct. App. 1990).

We review the district court's grant of summary judgment de novo, *see Moore Bros. Co. v. Brown & Root, Inc.*, 207 F.3d 717, 722 (4th Cir. 2000), and conclude that the district court did not err in granting Food Lion's motion. *See Wintersteen v. Food Lion, Inc.*, 542 S.E.2d 728, 731 (S.C. 2001) ("To require shopkeepers to anticipate and prevent acts of third parties is, in effect, to render them insurers of their customers' safety. This is simply not the law of this state"); *Hunter v. Dixie Home Stores*, 101 S.E.2d 262, 265 (S.C. 1957) (granting summary judgment to defendant where "[t]here is an absence of evidence showing how the beans got on the floor or how long they had been there"); *Bessinger*, 496 S.E.2d at 34; *H.L. Green Co. v. Bowen*, 223 F.2d 523, 524 (4th Cir. 1955) (interpreting South Carolina law) ("We cannot attribute constructive notice of the presence of this popcorn on evidence proving merely that the popcorn had been there a

very few minutes"). The district court properly considered the evidence in the light most favorable to Gupton in concluding that there were no material facts in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996). And the court correctly applied South Carolina's slip-and-fall jurisprudence in determining that Food Lion did not breach its duty to Gupton. *See Brendle v. Gen. Tire & Rubber Co.*, 505 F.2d 243, 245 (4th Cir. 1974) (federal court sitting in diversity applies the law as announced by the highest court of that state). Accordingly, the judgment of the district court is

*AFFIRMED*.